ELIZABETH E. WATSON v. DANIEL M. WATSON.

[See 47 Mich. 427; 49 Mich. 540 and 53 Mich. 168.]

*Seduction—Evidence of familiarities—Charge to jury—Credibility of testimony.*

1. In an action for the seduction of an adopted daughter, evidence of kissing and similar familiarities between the parties is admissible to aid the jury in understanding their whole family relations.

2. A charge to a jury must, on review, be considered as an entirety; the trial judge cannot be expected in giving it to reiterate every qualification and condition with every clause.

3. The jury must determine for themselves as to the credibility of a witness, and make up their minds from a view of all the circumstances even where there are apparent discrepancies in the testimony of the same witness.

4. When the testimony of experts, based on subsequent examination or proofs, is met by positive testimony of facts, the jury must determine what the facts are, and cannot be required to give such testimony as is theoretical in its deductions any weight they think it does not deserve.

5. In a conflict between scientific and other testimony, the judge cannot decide for the jury that one witness is more to be regarded than another.

Error to Kent. (Montgomery, J.)  Nov. 10–11.—Nov. 19.

CASE.  Defendant brings error.  Affirmed.

*John T. Holmes* and *Fred A. Maynard* for appellant.

*Godwin & Earle* for appellee.

CAMPBELL, J.  This case has been in this Court more than once before, and the character of it need only be mentioned as an action for seduction, brought by a young woman against the person in whose house she was brought up.  The present record does not present many new phases, and as we cannot review the conclusions of the jury we must leave the facts where they have left them, and look only at such matters as raise questions of law.  All but one of the questions relate to the charges and refusals to charge, or to other rulings on the closing of the case.  The record does not purport to set out all the testimony, although needlessly prolix, as the bill of exceptions indicates the points sufficiently as arising on but a small part of it.

Two witnesses, William Moore and Edwin Todd, who had done more or less work for Mr. Watson, testified to various acts of familiarity, including kissing and embracing, and other things of a similar nature.  No objection was made to any of this testimony, and the witnesses were fully cross-examined as to all of the circumstances.  After the testimony of both of these witnesses was completed, a motion was made to strike it out as immaterial and irrelevant to the issue.  This was denied.

We do not think it was improper, in such a case as this, to give the jury a full understanding of the whole family rela-

tions of these parties. Aside from those relations, a portion of this testimony had some bearing on the main issue, and except for the family surroundings would have been quite material. With those conditions it was not in itself very important, but it was nevertheless to be construed by the jury as men of sense, in all its bearings. The court very properly and carefully called their attention to the question whether such familiarities as were shown, were different from what might be entirely innocent and natural between persons so situated. It was not improper to refuse to strike out the testimony of these witnesses, and the whole weight of it was for the jury who could not have been misled by the instructions.

The charges made in the declaration were in substance an original seduction in 1875, followed by illicit intercourse running through several years, and the birth of a child in July, 1881. The whole burden of the argument for the defense is that the charge was so framed as to lay stress at one time on the early act independently of the later ones, and again to lose sight of the earlier and dwell only on the later.

In our opinion the charge is not open to any such construction. It cannot be taken up piece by piece. It must be read as it was given to the jury, continuously and connectedly. It cannot be expected that in every clause of his charge a judge will reiterate all the conditions and qualifications which he means to express. To do so would create and not prevent confusion. The great zeal and earnestness of counsel have induced us to look into this charge with care and caution, and we have found no such discrepancies as are urged. It is impossible, in our opinion, to read it without being impressed by the great care taken by the trial judge to make the jury feel the absolute necessity of finding not only the original seduction at the time and in the manner claimed, but also the continuity of the intercourse, and the responsibility of defendant for the bastardy.

There was testimony showing a discrepancy between the date fixed for the begetting of the child as first complained of in the bastardy proceedings before its birth, and the date

relied upon on the trial.  Upon this the plaintiff gave her explanation how the discrepancy occurred.  Defendant's counsel insisted that the witness swore falsely at one time or the other, and asked some charges based on that theory, which were in substance that the bastardy complaint was such a solemn and deliberate act that plaintiff was bound to know and was responsible for the facts there stated ; that she could not be allowed to make any material change as to the time of the act without showing she did not know the contents of the complaint or was misled without fault or negligence and that there was no testimony to relieve her ; that the change in her statement as given on the trial tended to impeach her, and the jury would be justified in refusing to credit it, and that if she swore deliberately to an untruth it would not be safe to rely on any of her testimony except as corroborated.

The court did very fully and positively charge the jury, in language quite as strong as that in the requests, as to the effect of falsehood on the credibility of witnesses, and the duty of juries in considering it.  They were also told that the variance referred to in those requests tended to impeach plaintiff, and that if she understandingly misrelated facts they would be justified in refusing to accept her testimony unless corroborated.  But the court told them, as it was bound to tell them, that they must determine for themselves upon her credibility, and make up their minds from a view of all the circumstances.  The charge given was as strong against the plaintiff in this regard as could be reasonably asked, and is not open to complaint.

The court sufficiently called the attention of the jury to the question of defendant's alleged physical condition.  The testimony of the physicians is not set out in the record, and was properly omitted.  It was for the jury to find, under the charge as given, that plaintiff's case was made out by the preponderance of testimony ; and when the testimony of scientific witnesses, based on subsequent examinations or proofs, is met by positive testimony of facts, the jury must determine what the facts are, and cannot be required to give medi-

cal testimony which is theoretical in its deductions any such weight as they think it does not deserve. The charge was not improper as given, and the judge could not decide for the jury that in such a conflict one witness was more to be regarded than another.

No other questions are now relied on. There is no error in the record, and

The judgment must be affirmed.

The other Justices concurred.