PEOPLE *v.* HANSEN.

1. CRIMINAL LAW—WITNESSES—CONFLICTING STATEMENTS.
Evidence tending to show that the complaining witness in bastardy proceedings had made conflicting statements charging an unknown or fictitious person with the crime, bore upon her credibility but would not justify the court in taking the case from the jury.

2. SAME—BASTARDY.
The defense was not prejudiced by the court charging the jury that the parties admitted it was doubtful whether any such person existed as claimed by complainant to be the putative father of her infant, where the record did not show that respondent claimed that there was such a person, and he had stated his opinion that a third party was the guilty one. If any error was made it should have been called to the attention of the court at the time it was made.

3. SAME—CHARACTER AND REPUTATION.

Instructions of the court that the jury might consider the standing of the respondent in the neighborhood for honesty, integrity, and truthfulness, stated in connection with caution of a general nature as to certain testimony given by respondent's character witnesses relating to his conduct with women, and his general reputation, were not erroneous.

Certiorari to Montcalm; Davis, J. Submitted November 5, 1914. (Docket No. 163.) Decided December 19, 1914.

Ola Hansen was convicted of bastardy. Affirmed.

*Grant Fellows*, Attorney General, and *J. Claude Youdan*, Prosecuting Attorney, for the people.

*L. C. Palmer*, for respondent.

BIRD, J. Having been found guilty of bastardy in the Montcalm circuit court, respondent has removed the proceedings to this court by certiorari for review.

1. Complaint is made that the testimony relied upon by the people to prove that respondent was the father of complainant's child was too uncertain to sustain the verdict. The weakness of the people's case lay in the fact that the complainant, when first interviewed by the public authorities as to the paternity of her child, informed them that one Walter Nelson was the father, and, when questioned who he was, she would disclose nothing further than the fact that he was a stranger she had met at a dancing party at Trufant, a neighboring village. She also made a sworn complaint charging him with being the father of her child. But later she disclosed to the public authorities that respondent was the father of her child, and gave as a reason for her previous untruthfulness that respondent had prompted her to tell that story, and had threatened her with physical violence and death if she did not obey.

The jury had before them her conflicting stories, together with the explanation of why she had at first been untruthful about the matter. They also had before them the fact that complainant was a young girl, only 17 years of age, who lived with her grandmother in the country neighborhood where respondent resided. Instances of respondent's attentions to and his manifestations of affection for the complainant were testified to by those who had witnessed them. They also had before them the fact that respondent was in the habit of exchanging work with the tenant on the grandmother's farm, and that those occasions afforded the respondent an opportunity for doing the thing with which he was charged. Whether she told the truth when she declared that Walter Nelson was the father of her child, or when she charged that respondent was the father, was a question of fact for the jury. It was for them to determine which story, if either, was true. *Kelly* v. *Freedman,* 56 Mich. 321 (22 N. W. 820) ; *Watson* v. *Watson,* 58 Mich. 507 (25 N. W. 497).

2. Error is assigned because the court charged the jury that:

"It is admitted in this case that she has made statements wherein she charged a man by the name of Walter Nelson with being the father of the child, and, as admitted by counsel, it is a question that is very indefinite as to whether such a man existed as referred to by her. The claim is made by the people that no such man did exist, and, as I understand it, the defense do not claim there did; but it is offered by the defense as showing she made a statement that was absolutely untrue."

Counsel argue that these instructions were harmful because the respondent based his entire defense on the fact that Walter Nelson was the father of the child. We find nothing in the record of any claim made by either the respondent or his counsel that the

defense was based upon the fact that Walter Nelson was the guilty party. On the contrary, there is testimony on the part of the respondent that he had given it as his opinion that one John Hansen, who resided with the grandmother, was the father of the child. Had that been the chief defense, we think there should be something in the record to disclose it. But if the court was in error in making the statement, his attention should have been called to it by counsel at the time. Not having done so, he is in no position now to complain of it.

3. Error is also assigned on the following instruction to the jury:

"You have the right to take into consideration the standing he has in the neighborhood, whether it is for honesty, integrity, and truthfulness."

Counsel argue that the respondent was not charged with dishonesty, and that his honesty was not an issue in the case, and therefore, when the jury were told that they had a right to consider his standing in the neighborhood for honesty and integrity, it was error. If this isolated portion of the charge is considered without reference to the context, we would probably agree with counsel. Upon the trial character witnesses were produced for and against the respondent. After instructing the jury generally as to the testimony of the witnesses, and the weight which should be given to it, he said:

"Something has been said in regard to the credit and character of the respondent in the neighborhood where he lives for conduct toward women. You have the right to take into consideration the standing he has in the neighborhood, whether it is for honesty, integrity, and truthfulness, or whether it is for conduct that shows a disregard of the rights of women and tenderness or lack of tenderness towards children of that age, and all coming before you in the way of testimony or evidence that satisfies you or throws

light upon this transaction, and render such a verdict as you believe will be in accord with the evidence and the law as given you by the court."

Respondent had attempted to show by his character witnesses that his reputation was good as regards his conduct toward women. When it is understood that the court was instructing the jury as to this testimony, when he used the words "honesty and integrity," it is manifest that they were made use of in connection with respondent's conduct toward women and children, and not generally, as would appear from the contention of counsel, and we think the jury must have so understood it.

We have considered the other errors assigned, but find no merit in them. The writ will be dismissed, and the judgment of the trial court affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.