PARNELL v. PUNGS.

1. TROVER AND CONVERSION—TRIAL—QUESTION OF FACT.
   Inconsistent or conflicting evidence on the part of plaintiff, in an action of trover for the conversion of a motor boat, considered and *held*, to present a question of fact that was properly left to the jury.

2. SAME—RECEIPT—EVIDENCE—SUFFICIENCY.
   And a receipt that the house servant of defendant had given for a part of the consideration for the transfer of the boat, admitted to have been received by the defendant, was properly allowed in evidence, though the signature of the maid was not properly proved, where it was offered only for the purpose of fixing a material date.

3. SAME—CHARGE.
   Where the court was asked to charge that if the defendant's engine was removed from the boat and another substituted therefor, defendant was justified in refusing to allow the machinery to be removed from the boat until his own was returned, and the court modified the request so as to read that the sale must be found to have been in good faith from defendant to the third party, who, through plaintiff, claimed title, the defendant could not complain of the added instruction, as the law would not

presume that the transfer of the property was not in good faith.

4. SAME — FRAUD — DEBTOR AND CREDITOR — FRAUDULENT CONVEYANCES.

Evidence that the transfer from the owner to plaintiff was in fraud of the creditors of the seller, who was shown to have other creditors than the defendant, was properly excluded by the trial court on the ground that defendant was not a creditor within the meaning of the statute (3 Comp. Laws 1915, § 11985), having only a claim for the return of the property sold, on the theory of a sale and rescission, and having taken possession of the boat and machinery for which plaintiff sought to recover in the action.

5. SAME—INVESTIGATING TITLE.

Defendant was not entitled to an instruction, which he requested the court to give, that if he refused plaintiff's demand for the property for the purpose of investigating the right to the same and in good faith declined to surrender the boat or engine until he had looked up this question, under testimony which did not establish that he refused the demand in good faith, and for the alleged purpose of learning whether plaintiff was really the owner.

Error to Wayne; Tucker, J., presiding. Submitted June 8, 1915. (Docket No. 20.) Decided March 31, 1916.

Trover in justice's court by Ida A. Parnell against William A. Pungs for the conversion of a certain marine engine and other personal property. From a judgment for plaintiff defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Schmalzriedt, Spaulding & Toms,* for appellant.

*Guy A. Miller,* for appellee.

BIRD, J. G. S. Murdock, of Detroit, being the owner of the boat "La Reine," also purchased of defendant

his yacht "Naiad." While owner of both boats he removed the gasoline engine from the La Reine, and while it was detached therefrom the plaintiff claims he sold it to her for $300, and gave her a bill of sale therefor. Subsequently, he sold her some miscellaneous boat equipment for $125, and likewise gave her a bill of sale of that. After the bills of sale were given, Murdock removed the engine from the "Naiad" and substituted therefor the engine taken from the La Reine. This was done with the knowledge of both plaintiff and defendant. Later, this engine was detached from the "Naiad," but was left in the boat, together with other equipment sold to plaintiff. While in this condition, and while moored to the dock in the rear of 1526 Jefferson avenue, defendant rescinded his contract with Murdock and took possession of the "Naiad" and towed her to Ecorse. Plaintiff demanded possession of the engine and equipment. The demand was refused, and plaintiff sued him in trover to recover the value of the property. She recovered a judgment of $500, and defendant has assigned error.

The errors assigned are:

(1) Those relating to the proofs of plaintiff's title to the property.

(2) Those relating to the proof of conversion by the defendant.

(3) Those relating to the measure of damages.

1. Defendant's counsel contends that the testimony shows that plaintiff did not have title to the property in question; that her testimony shows the transaction was a loan and not a sale; and that she took bills of sale of the property merely as security. Plaintiff's counsel insists that the testimony is clear that she purchased the title to the property, and that it was not a loan. Both insist that the question was one of law for the court. The question turns upon the testimony of plaintiff. She testified quite positively that she

purchased the property, and denied that the transaction was a loan. By other testimony which she gave she indicated that it was a loan. Whether she was right when she said she bought the title of the property, or whether she was right when she said she took the property as security, was a question of fact for the jury, and the trial court very properly submitted it to them. *Kelly* v. *Freedman*, 56 Mich. 321 (22 N. W. 820); *Watson* v. *Watson*, 58 Mich. 507 (25 N. W. 497); *People* v. *Hansen*, 183 Mich. 565 (150 N. W. 159).

2. The trial court was requested to charge that:

"The plaintiff, claiming title to the property by conveyance from Murdock, can have no better title than Murdock had, and if there were any defects in Murdock's title, or any liens valid against him, such defects in title or liens are valid against the plaintiff, and defendant is entitled to the same defenses as if the action were brought by Murdock."

Complaint is made because this request was not given. The only way in which the foregoing request would have been helpful to defendant would have been in calling the attention of the jury to his claim that Murdock had defrauded him in the sale of the "Naiad," and in consequence thereof the title thereto never passed out of him. This purpose was sufficiently served by that portion of the charge in which the jury were advised that the "plaintiff could not recover unless they found that the sale of the 'Naiad' to Murdock was a *bona fide* sale."

3. As a part consideration for the "Naiad" were certain bonds. The bonds were delivered to defendant's home in his absence, and a receipt given therefor by the maid. This receipt was received in evidence against defendant's objection that the signature of the maid had not been proven. The receipt was offered for the purpose only of fixing a material date. In

190 Mich.—41.

view of the fact that defendant admitted that he received the bonds, the admission of the receipt for the purpose indicated was proper.

4. The court was further asked to charge that:

"If you find that Murdock took defendant's engine out of the 'Naiad,' and substituted the engine in question here, defendant was justified in refusing to allow this engine to be removed from the 'Naiad' until his own was returned."

The court gave this request, but added the words "and plaintiff cannot recover *unless you find that the sale of the 'Naiad' to Murdock was a bona fide sale. If you do so find, the plaintiff must recover.*" Counsel's complaint is directed to the added words. He asserts that there is no evidence of the good faith of the transaction. The defendant testified to a sale and that he received the bonds therefor as promised, but that the value of the bonds was not as represented. We think the testimony of the defendant himself and his acts and dealing with Murdock, together with the fact that the law would not presume that it was not a *bona fide* sale, made the question one for the jury.

5. Attempt was made by defendant to show that the transfer of the property from Murdock to plaintiff was *prima facie* void under the statute (3 Comp. Laws, § 9520; 3 Comp. Laws 1915, § 11985) by showing that Murdock had creditors at the time of the transfer. This evidence was immaterial, unless the defendant himself was a creditor of Murdock, as the law makes the transfer *prima facie* void only as to creditors of the vendor. But it is argued that defendant was a creditor, and in support thereof the case of *Schaible* v. *Ardner*, 98 Mich. 70 (56 N. W. 1105), is cited, which holds that a right of action for conversion of property is sufficient to put the owner in the class of persons entitled to attack fraudulent conveyances. Conceding this to be so, defendant's testimony does not place him in that

class. His position is that he sold the "Naiad" to Murdock, and that the bonds taken therefor were worthless, and by reason thereof he rescinded the contract. This does not make him a creditor as he had repossessed himself of the "Naiad," and the only point left for the courts to settle between them was whether he was justified in so doing.

6. On the question of conversion, defendant offered the request that:

"If you believe from the evidence that, before the plaintiff demanded the goods in question from defendant, defendant had been informed that there were claims outstanding of adverse ownership of the goods or liens upon them, then he was justified in refusing to deliver the goods to plaintiff until he could investigate and determine the truth and validity of such claims, and if his refusal to deliver the goods, if he did so refuse, was made in good faith for the purpose of investigating such claims and delivering the goods to the person legally entitled, you should find a verdict for the defendant of no cause of action."

The failure of the court to give this request is alleged as error. The proof showed that plaintiff saw defendant prior to instituting suit, and made a demand on him for the property. Defendant replied that it belonged to the Detroit Motor Boat Company. Plaintiff denied this, and advised him that it belonged to her. Murdock was present and corroborated her statements. Plaintiff testified that defendant did not say whether he would comply with her demand. Defendant says he informed her that he had towed it away and that he would not disclose where it was until she proved to him that she owned it. Defendant admits the demand and concedes that he did not comply with it.

But it is urged that defendant had a right to refuse the demand for the purpose of investigating whether plaintiff had the title thereto. This is probably true

if his refusal were in good faith. But his testimony does not show that he entertained an honest doubt that plaintiff owned the property. Neither does it show that he refused so as to have an opportunity to investigate, nor that he ever made any investigation, although he had time after demand and before suit was brought. Defendant knew Murdock had owned it, and he admits that had Murdock been present at the dock when he towed the "Naiad" away, he would have permitted him to take the engine off from the boat. Defendant delivered a portion of the boat equipment to her, but refused to deliver the balance until she proved to him that she was the owner of it. The only way she could do this conclusively was by an action of replevin or an action of trover. He deprived her of the opportunity of bringing replevin by secreting it, and the only other alternative was to bring suit which she did. We are of the opinion that the proofs were sufficient to establish a demand and conversion (*Ingersoll* v. *Barnes*, 47 Mich. 104 [10 N. W. 127]), but were not sufficient to support the foregoing request.

Other questions are raised as to the measure of damages, and the disposition which the court made of the claimed liens. We think there is no merit in them.

The judgment will be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.