GOONEN *v.* ANN ARBOR RAILROAD CO.

1. RAILROADS—NEGLIGENCE—GROSS NEGLIGENCE — EVIDENCE — SUFFICIENCY—WEIGHT OF TESTIMONY FOR JURY.

   In an action for personal injuries caused to plaintiff when he was struck at a street crossing by defendant's locomotive, testimony that when plaintiff entered upon the track the engine was 176 feet away, running at the rate of 12 miles an hour, and that plaintiff's foot was caught in the defective planking preventing his escape, *held*, to justify submission to the jury of the question of defendant's gross or subsequent negligence, although there was contradictory testimony to the effect that the engine was only "seven steps" distant when he entered upon the track; the weight of the testimony being for the jury.

2. SAME—GROSS NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

   If defendant is chargeable with subsequent negligence, the fact that plaintiff's danger arose in the first instance because of his own negligence does not prevent his recovery.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   It cannot be said, as a matter of law, that plaintiff was guilty of contributory negligence in attempting to walk across a track in front of a train 176 feet distant approaching at the rate of 12 miles an hour.

4. SAME—PLEADING—NEGLIGENCE—DEFECTIVE CROSSING.

   An averment of negligence in the declaration "that the planking between the rails of said tracks was so laid that a pedestrian could have his feet caught between the rails and said planking," *held*, sufficient to aver defective construction of the crossing.

5. SAME—EVIDENCE—INFERENCES.

   Evidence as to said defective crossing, while not positive, and lacking in detail, *held*, sufficient from which the jury might infer defective construction and consequent negligence of defendant.

Error to Washtenaw; Sample (George W.), J.   Sub-

mitted January 5, 1922.   (Docket No. 35.)   Decided June 5, 1922.

Case by Nicholas Goonen against the Ann Arbor Railroad Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Cavanaugh & Burke,* for appellant.

*John D. Thomas, Jacob F. Fahrner* and *Carl A. Lehman,* for appellee.

CLARK, J.   Plaintiff, an adult deaf-mute, on Hill street crossing in Ann Arbor, in the day time, was struck by a passenger train of defendant and injured. There was no gate or flagman at the crossing which is about 2,000 feet south of the station, from which the train was proceeding at the rate of 12 miles per hour.   Counsel agree upon the rate of speed, although the testimony on the subject is not harmonious. Plaintiff was familiar with the locality.   He walked along Hill street on the sidewalk which ended some 30 or 40 feet from the track.   The intervening space was wet and muddy.   He picked his way across, claims to have looked before going upon the track and that in attempting to cross, the crossing being wet and muddy, his foot became fast between a rail and the planking of the crossing and that while so situated he was struck by defendant's train.   He testified:

"Q. When did you first see the train?
"A. When was the track.
"Q. When who was on the track?
"A. About a one-fourth off the track I was inside, cannot come back.   I made one step more to go out, my foot caught and turn back.   I   saw   the   about 7 steps long.   There was time no to hurt if my foot no caught.
          (Intermission for view by jury)
"Q. What do you mean by 'about seven steps?'

"*A.* I mean that after my foot caught I saw the train 7 steps away.

"*Q.* How long was your foot caught before you were hit by the train?

"*A.* About 10 to 14 seconds."

There was testimony of obstruction to the view of the track from a point on the sidewalk, but we find no evidence that the approaching train might not have been clearly seen a distance of several hundred feet from points within the 30 or 40 feet between the track and the end of the sidewalk. The engineer said he had a clear view of the crossing for a distance of 1,000 feet, that he saw plaintiff near the track at the crossing, that when the engine was about 10 feet from the crossing, plaintiff went upon the tracks, that the air brakes and the emergency were at once applied and that he did all he could to avoid injuring plaintiff. The train was stopped within the space of about 75 feet. A witness for plaintiff who saw the accident said that plaintiff went upon the tracks immediately, 10 feet, in front of the train.

An averment of negligence of defendant is defective construction of the crossing: "that the planking between the rails of said tracks was so laid that a pedestrian could have his feet caught between the rails and said planking." Subsequent or discovered negligence is also averred. Defendant offered no evidence, made a motion for a directed verdict that it was not negligent and that plaintiff was guilty of contributory negligence as a matter of law. The trial judge submitted the questions of defendant's negligence, plaintiff's contributory negligence, and defendant's subsequent negligence to the jury. Plaintiff had verdict and judgment for $1,000. Defendant brings error, and presents the three questions above set forth.

Subsequent negligence. As we read this record, plaintiff's testimony is contradictory. In the first

part of his testimony quoted, plaintiff states that he saw the train when he was entering upon the tracks, "one-fourth off the track" but "inside" and "cannot come back," the train being "7 steps" distant.    He then made a step "to go out," out of the danger as we read it, but his foot caught.    In the latter part of his testimony quoted, given after the intermission for a view by the jury, he states that his foot was caught 10 to 14 seconds before he was hit by the train. At the rate of 12 miles per hour, the rate would be 17.6 feet per second, and under this part of his testimony therefore the train would be at least 176 feet from him when his foot was caught, and upon such latter testimony alone a question of gross or subsequent negligence appears under the holding in *Fike* v. *Railroad Co.*, 174 Mich. 167, and cases there cited.

But under the testimony of plaintiff, first above quoted, there is no room for the claim of subsequent or gross negligence.    Plaintiff's statement that he went upon the tracks but "7 steps" in front of the train is substantially the same as that of the engineer. And plaintiff's witness who saw the accident fixes such distance at 10 feet.    Upon a motion to direct a verdict for defendant, the evidence must be viewed in the light most favorable to plaintiff and when so viewed the portion of his testimony sustaining the theory of subsequent negligence made an issue of fact for the jury.    It was for the jury to say what weight shall be given to his testimony as a whole.    See *Emery* v. *Guarantee Co.*, 209 Mich. 295; *Parnell* v. *Pungs*, 190 Mich. 638; *Piehl* v. *Piehl*, 138 Mich. 515; *Kelly* v. *Freedman*, 56 Mich. 321; *Watson* v. *Watson*, 58 Mich. 507; *People* v. *Hansen*, 183 Mich. 565; *Burtch* v. *Child, Hulswit & Co.*, 207 Mich. 205; *King* v. *Lumber Co.*, 93 Mich. 172; *Pelton* v. *Schmidt*, 104 Mich. 345 (53 Am. St. Rep. 462) ; *Gardiner* v. *Courtright*, 165 Mich. 54.

A province of the court is, upon proper motion, to exercise control if in its judgment the verdict is against the great weight of the evidence. *Piehl* v. *Piehl, supra.*

Contributory negligence. If defendant is chargeable with subsequent negligence, the fact that plaintiff's danger arose in the first instance because of his own negligence does not prevent recovery. See *Fike* v. *Railroad Co., supra.* Nor can we say as a matter of law that the plaintiff was negligent in attempting to walk across the track in front of a train, 176 feet distant, approaching at the rate of 12 miles per hour. There being evidence to that effect, this question was properly submitted to the jury.

Defendant's negligence. We think the declaration as quoted averred defective construction of the crossing. The evidence is not positive and is lacking in detail, but we cannot say that from all the evidence the jury might not fairly infer such defect in construction and that defendant was negligent.

The charge taken as a whole fairly and concisely submitted the issues to the jury. That the verdict is against the great weight of the evidence and that the motion for a new trial therefore should have been granted are not discussed in the briefs and therefore are not considered.

Judgment affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.