## JORDAN v. BURGHARDT.

1. TRIAL—DIRECTED VERDICT—APPEAL AND ERROR.

   Upon defendant's motion for a directed verdict, the testimony most favorable to the plaintiff must be accepted as true.

2. SAME — SELF-CONTRADICTORY TESTIMONY PRESENTS ISSUE FOR JURY.

   Where the testimony in behalf of a party is self-contradictory, it is for the jury and not for the court to decide which, if either, version is true.

3. SAME — PERSONAL INJURIES—NEGLIGENCE — SELF-CONTRADICTORY TESTIMONY—DIRECTED VERDICT.

   Where, in an action for personal injuries received by plaintiff when she was struck by defendant's bread wagon as she was crossing a city street, there was testimony in her behalf which, if believed, supported her case, the trial court was in error in directing a verdict in favor of defendant, although said testimony as a whole was self-contradictory.

Error to Wayne; Merriam (DeWitt H.), J. Sub-

On duty of pedestrian when crossing or traveling public street to avoid passing teams, see notes in 19 L. R. A. (N. S.) 160; 39 L. R. A. (N. S.) 481.

mitted April 10, 1924.    (Docket No. 35.)    Decided
June 2, 1924.

Case by Mary Jordan against Anthony R. Burghardt
for personal injuries.    Judgment for defendant on a
directed verdict.    Plaintiff brings error.    Reversed.

*Clarence P. Milligan,* for appellant.

*Frank C. Cook* and *John P. O'Hara,* for appellee.

FELLOWS, J.    Plaintiff claims to have received
serious injuries by being struck by defendant's bread
wagon driven by his agent when she was crossing
Woodward avenue at Michigan avenue in the city of
Detroit.    She brings this action to recover for such
injuries.    The trial judge at the close of her proofs
directed a verdict for defendant.    The only question
presented on this record is whether there was any
testimony taking the case to the jury.    Plaintiff was
77 years old when she received the injury and nearly
81 years old when the case was tried.    Her testimony
was somewhat confusing as we shall presently see.
An eye-witness to the accident who assisted her after
she fell was also called by her as a witness, and while
he appeared to be eminently fair in his testimony his
memory was somewhat faulty and it must be confessed
that the testimony of these two witnesses left the
record in rather a hazy condition.    Plaintiff also
called the driver of defendant's wagon as a witness,
but not for cross-examination under the statute.    His
testimony is clear and convincing that the accident
occurred without fault on his part in the portion of
the street apportioned to vehicular travel and that
plaintiff had gone outside the part of the street cross-
ing apportioned to pedestrians and walked directly
into the line of vehicular traffic.    As we are not
the triers of the facts and must upon this question

accept the testimony most favorable to plaintiff, we must look to the testimony of plaintiff and her other witnesses to determine whether there was anything in it justifying the submission of the case to the jury.

Plaintiff testified that before crossing the street she looked and did not see anything and thought it was all right and that she had crossed the street car tracks when she was struck.    For a time she was quite indefinite in her testimony as to whether she was inside the lines marking the portion of the street used by pedestrians but finally did testify:

"I know pretty well where the cross walk is.    I am sure I was on the cross walk, that was my shortest way to get across."

The witness who came to her assistance after the accident and who saw it, in some portions of his testimony was not able to definitely state where plaintiff was when she was struck, but in the course of his testimony he did say that she was approximately in the regular place where people cross—the cross walk. It may be fairly said that the testimony of plaintiff and this witness taken as a whole was self-contradictory.    But this court has frequently held that where such is the case it is for the jury and not for the court to decide which, if either, version was true. *Lonier* v. *Savings Bank*, 153 Mich. 253; *B. F. Goodrich Rubber Co.* v. *Sewell Cushion Wheel Co.*, 196 Mich. 600.    Upon defendant's motion for a directed verdict, the testimony most favorable to the plaintiff must be accepted as true.    Following this rule, it must be said that there was testimony in the case that plaintiff looked before she crossed; that both she and the wagon were going in an easterly direction, she in the portion of the street set aside for pedestrians; and that the driver drove the wagon from the portion of the street set apart for vehicular traffic into the portion of the street set apart for pedestrians and

struck her in the back with the thill.    We are constrained to hold that this took to the jury both the question of negligence of defendant's driver and the contributory negligence of plaintiff.

The judgment must be reversed with a new trial. Plaintiff will have costs of this court.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.