## KUITULA v. ABBOTT.

1. NEGLIGENCE—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.

In an action for personal injuries caused to plaintiff when she was struck by defendant's automobile while attempting to cross a city street at a crossing, where plaintiff testified to facts concerning defendant's negligence which should have been submitted to the jury the trial court was in error in directing a verdict for defendant.[1]

2. WITNESSES—DEFENDANT CALLED FOR EXAMINATION UNDER STATUTE MUST ANSWER MATERIAL QUESTION.

Where defendant, in personal injury case, called for cross-examination under the statute, after testifying that, at the time of the accident, he was not driving faster than 14 miles an hour, was then asked in what distance he could stop his car in going at that rate of speed, the trial court was in error in sustaining objection thereto on the theory that defendant was not compelled to disclose his defense before putting in his own case, since the question was material to plaintiff's case, and she had a right to have it answered.[2]

Error to Wayne; Codd (George P.), J. Submitted October 9, 1924. (Docket No. 46.) Decided December 10, 1924.

Case by Hanna Kuitula against Archie Abbott for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*William J. Donovan,* for appellant.

*S. Homer Ferguson,* for appellee.

McDONALD, J. This is an action for damages growing out of an automobile accident in which the plaintiff received personal injuries which she claims

---

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Witnesses, 40 Cyc. p. 2473.

were caused by the negligence of the defendant.    The accident happened as the plaintiff was crossing North Grand Boulevard west at Byron avenue in the city of Detroit.    There is a parkway in the center of the boulevard which divides the traffic, that going west running on the north side of the parkway, and that going east on the south side.    The plaintiff was walking south on the west side of Byron.    She claims that when she reached the boulevard she looked to the east and saw four or five automobiles approaching about 300 feet away; that she proceeded to cross and when she had reached the center of the north half of the street the automobiles were about 150 feet from her; that two of them were abreast closely trailed by a third which was the car being driven by the defendant; that she continued on her way watching the cars as they approached; that when the defendant's car was about 25 feet away, he swung out to the south from the rear to pass the other two cars; that in this position the defendant was driving very close to the curb and that he ran against her before she could reach the parkway.    The negligence charged to the defendant is that he did not have his car under control as he approached the street intersection; that he was driving at a faster rate of speed than was reasonable and proper under the circumstances; that he did not use every reasonable precaution to insure the safety of pedestrians; and that in violation of the traffic ordinance of the city of Detroit, he attempted to pass "two moving vehicles going in the same direction, which are abreast or nearly abreast."

The defendant denied that he was attempting to pass any other automobile at the time of the accident.    He claims that as he approached the intersection he was driving slowly in a careful manner and with his car under control; that as he approached the street intersection his car was to the rear of two other cars which were driving westward, one a little behind the

other; that he was driving close to the southerly curb of the street and did not see the plaintiff until she stepped out from in front of the other cars directly in his path; that she was then so close to him he was unable to avoid hitting her, though he used every possible effort to keep from doing so. The trial court directed a verdict in favor of the defendant on the ground that there was no evidence of negligence on his part. The plaintiff brings error.

Is there any evidence that at the time of the accident the defendant, in violation of the city traffic ordinance, was attempting to pass two other automobiles going in the same direction abreast or nearly abreast? Mr. Hoye, a witness, sworn for the plaintiff, testified that he was driving about 100 feet behind the defendant and that just before the accident he saw the defendant swing out to pass the car ahead of him.

"*Q.* He was pulling around?
"*A.* He was on a straight line.
"*Q.* Straight line of what?
"*A.* He had already made his cut-in.
"*Q.* He had already made his cut-in to go around the large car?
"*A.* Yes, sir.
"*Q.* That is true?
"*A.* Yes, sir."

The plaintiff testifies that the two cars were running along abreast when defendant attempted to pass them. Her testimony is not very clear on many points, but some allowance may be made for the fact that she seems to be unfamiliar with the English language, and testified without the aid of an interpreter. She says in her direct-examination:—

"*Q.* How many machines were coming along on the boulevard at that time?
"*A.* About two was coming and the other one was coming between the two.
"*Q.* Was the machine that was coming between the two the car that hit you?

"*A.* Yes, sir.

"*Q.* Which side was he coming from between the two, on the right side or the left side?

"*A.* South side.

"*Q.* South side.    That would be the left side?

"*A.* Yes, sir.    And he was going then between the two.

"*Q.* Was he in the act of passing the two?

"*A.* Yes, he was swinging out back of the other two cars."

On cross-examination, referring to the two cars just ahead of the defendant, she testifies:

"*Q.* So these two were just equal, were they coming along in equal—

"*A.* Yes, they were coming along together.

"*Q.* Both together?

"*A.* Yes, sir.

"*Q.* You saw those two?

"*A.* Yes, sir."

It is true that this witness testified on cross-examination in different ways as to the position of the cars, but it was for the jury to say on which occasion she testified correctly.    We think this testimony furnished some evidence of the violation of the traffic ordinance, as claimed by the plaintiff.

As to the precautions taken by the defendant for the protection of pedestrians in making this crossing, the plaintiff testified that when she reached the center of the north half of the boulevard, the automobiles were 150 feet away from her, and that she saw the position of the defendant's car at that time.    It is apparent that if she were able to see the defendant he could see her, and if he saw her 150 feet away there was no excuse for hitting her, for she continued straight across that part of the street on which he was driving.    She further testifies that when he swung out to pass the other cars he was 25 feet away; that when his car hit her she was within two steps of the parkway curb.    He testifies that there was no

car to the right of him, and that he was driving close to the curb.   If she were within two steps of the parkway curb and there was no car to the right he easily could have avoided the accident by turning his car in that direction or by stopping it, if he could have done so in that distance.   The plaintiff called the defendant for cross-examination under the statute.   He testified that at the time of the accident he was not driving faster than 14 miles an hour.   He was then asked in what distance he could stop his car going at that rate of speed.   In sustaining an objection to this inquiry the court said that it was not the purpose of the statute to permit a party to be called for cross-examination "just to draw out his story before he put his own case in."   It is true that the statute does not give the plaintiff the right to call the opposite party for the purpose of inquiring into his defense, but this question related to a matter that was a part of the plaintiff's case.   She testified that he was 25 feet away when he turned his car to the left where he had a clear view of her.   Going at a speed of 14 miles an hour could he have stopped his car within the 25 feet that he had to travel before hitting her? The question was material to plaintiff's case and should have been answered.

We think the court erred in directing a verdict. The testimony of the plaintiff presented facts concerning the defendant's negligence, which should have been submitted to the jury.

The judgment is reversed, with costs to the plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.