NEESLEY *v.* LORD.

1. JUDGMENT—NOTWITHSTANDING VERDICT—EVIDENCE.
   On motion for judgment notwithstanding verdict, the evidence must be reviewed in a light most favorable to party in whose favor the verdict was awarded.

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — EVIDENCE—QUESTION FOR TRIER OF FACTS.
   In pedestrian's action against motorist for personal injuries received at a street intersection where traffic light was in plaintiff's favor at time she left curb to cross street, whether she was guilty of contributory negligence *held*, under the circumstances, a question of fact for the jury.

3. EVIDENCE—DIRECT AND CROSS-EXAMINATION—WEIGHT FOR JURY.
   If the testimony of a witness on direct examination conflicts with that on cross-examination, it is for the jury to decide when, if at all, the witness testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony.

4. TRIAL—MOTION TO DIRECT VERDICT—WEIGHT OF TESTIMONY FOR JURY.
   On motion to direct a verdict for defendant, the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury to determine what weight is to be given to the testimony as a whole.

Appeal from Wayne; Miller (Guy A.), J.   Submitted January 8, 1941.   (Docket No. 34, Calendar No. 41,368.)   Decided April 8, 1941. .

Case by Winifred Neesley against Agnes Lord for damages for injuries received as a result of being struck by an automobile.  From judgment for defendant *non obstante veredicto,* plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Mason, Davidson & Mansfield* (*Carl F. Davidson* and *Henry T. Gage,* of counsel), for plaintiff.

*Howard D. Brown* (*Paul R. Erickson,* of counsel), for defendant.

BUTZEL, J.    About 6 p.m. on May 19, 1939, plaintiff, a middle-aged woman, was walking toward the west on the south side of West Grand boulevard in the city of Detroit.    Third avenue runs north and south and was used at that time for traffic in each direction.    While attempting to cross Third avenue, plaintiff was struck by defendant's car.    She suffered serious injuries for which the jury in the lower court awarded her $3,500.    The court granted a motion to set aside the jury's verdict and entered a judgment *non obstante veredicto* for defendant. The main question presented on appeal is whether plaintiff was guilty of contributory negligence as a matter of law.    In our review of the case, we shall set forth the testimony in the light most favorable to plaintiff.

Immediately prior to the accident, defendant's car had come to a standstill a short distance from the east curb of Third avenue, and two or three feet back of the southerly crosswalk of West Grand boulevard, if extended across the street.    Defendant was waiting for the traffic light to change to permit her to continue across West Grand boulevard.    Another car had stopped at the left of defendant's car, and a truck, headed south, also had come to a standstill at an island in the center of the Boulevard, both waiting for a favorable light in order to proceed.    Plaintiff testified that she walked to the curb and saw the two automobiles waiting for the light, which was in her favor.    As she stepped from the curb, she looked to the right at the traffic light

on the northeast corner of the intersection. An officer of the Detroit police department, who was in charge of the electrical division, stated that the traffic light directly west and across from the curb at which plaintiff stood was pointed in a north-easterly direction so as to act as a supplemental signal for west bound vehicles on the boulevard, and that a long tubing over the light made it very difficult, if not impossible, for pedestrians, situated as plaintiff was, to see the light. He also testified that the lights change every 30½ seconds and that there is an additional amber light which appears for six seconds prior to the light changing from red to green and *vice versa.* It was shown, however, that the day the accident occurred, it was dark and that in such weather the color of the light is reflected on the tubing. The light, however, that was plainly visible and to which plaintiff looked was on the northeast corner of the intersection. She testified that it was red for north and south traffic and thereupon she stepped off the curb into the street. After she took two or three steps, she heard the commotion of motors starting, and then she started to run. Plaintiff imagined that she was at least in front of defendant's car at this moment. As she looked to her left she saw that defendant's car was in motion and coming toward her. She ran west and north in her endeavor to reach the other side of the street and avoid being struck. On cross-examination, she admitted that she did not know exactly where she was when the car started; she, however, reasserted that the light was red for the north and south traffic when she stepped from the curb.

The driver of the truck waiting in the center of West Grand boulevard for the light to change noticed plaintiff step off the curb and the light change to amber at the same time. He testified that

when defendant's car started up, plaintiff was in front of its right front fender. When plaintiff saw defendant's car coming toward her, she ran at an angle toward the truck, and neither the automobile alongside of defendant's car nor the truck had started up at the time the accident occurred. The left front fender and bumper of defendant's car struck plaintiff. Defendant's motion for a directed verdict was denied at the close of plaintiff's proofs after all the testimony was presented.

In granting the motion for judgment *non obstante veredicto* the trial judge relied chiefly on the rebuttal testimony of plaintiff which inconsistently indicated that she was not in front of the car when it started up. However, there is still a question of what a prudent person would have done under similar circumstances. *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384; *Smarinsky* v. *Markowitz*, 265 Mich. 412; *Benjamin* v. *McGraw*, 208 Mich. 75. Moreover, counsel for defendant asked plaintiff if she would have been safe if she had stayed where she was and her answer was, "No, the instant I started to run I saw the car coming toward me." We appreciate that her testimony was conflicting, but does the testimony elicited as a result of apparent confusion on her part as to just what happened in the instant when she was injured render her guilty of contributory negligence as a matter of law?

We have repeatedly held that if the testimony of a witness on direct examination conflicts with that on cross-examination, it is for the jury to decide when, if at all, he testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony. *Parnell* v. *Pungs*, 190 Mich. 638; *Union Trust Co.* v. *Railway Co.*, 239 Mich. 97 (66 A. L. R. 1515). This is particularly true upon a motion to

direct a verdict for defendant, and we have held that the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury. Their duty is to determine what weight is to be given to the testimony as a whole. The question as to which version was the correct one is a question for the jury and not for the court. *Abbott* v. *Travelers Insurance Co.,* 208 Mich. 654. See, also, *Tuttle* v. *Railway Co.,* 193 Mich. 390; *Darish* v. *Scott,* 212 Mich. 139; *Goonen* v. *Railroad Co.,* 218 Mich. 502; *Jordan* v. *Burghardt,* 227 Mich. 301; *Kuitula* v. *Abbott,* 229 Mich. 84; *Soberg* v. *Sanders,* 243 Mich. 429; *Evans* v. *City of Detroit,* 255 Mich. 381.

Appellee further contends that plaintiff was guilty of contributory negligence as a matter of law in walking west and looking north. The position of the lights made it necessary for her to look north. In viewing the testimony most favorable to her, it shows that she looked north and then looked ahead as she proceeded. While the case is a close one, the question of whether or not plaintiff was guilty of contributory negligence was a question for the jury.

For this reason, judgment *non obstante veredicto* is reversed and the case is remanded for entry of judgment for plaintiff in accordance with the verdict. Plaintiff will recover costs in both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.