## WILSON v. CITY OF DETROIT.

1. JUDGMENT—NOTWITHSTANDING VERDICT—EVIDENCE.

   On motion for judgment for defendant notwithstanding verdict for plaintiff the evidence must be viewed in the light most favorable to plaintiff.

2. EVIDENCE—DIRECT, CROSS AND REDIRECT EXAMINATION—WEIGHT FOR JURY.

   If the testimony of a witness on cross-examination is in conflict with that given by him on direct and redirect examination, it is for the jury to decide when, if at all, the witness testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony.

3. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—WEIGHT OF TESTIMONY FOR JURY.

   On motion for judgment for defendant notwithstanding verdict for plaintiff, the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury to determine what weight is to be given to the testimony as a whole.

4. STREET RAILWAYS—AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR TRIER OF THE FACTS.

   In truck driver's action against municipality whose streetcar started across intersection against the red traffic light and collided with plaintiff's truck which had started as second in line of traffic with green traffic light, question of whether plaintiff was guilty of contributory negligence was a question for the jury in view of plaintiff's inconsistent statements relative to his observation of the streetcar made on direct, cross and redirect examination.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 8, 1941. (Docket No. 18, Calendar No. 41,693.) Decided December 2, 1941.

Case by William Wilson against City of Detroit for injuries sustained when struck by a streetcar. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Roy A. Moxley* (*Dale H. Fillmore* and *Dennis H. Dwyer,* of counsel), for plaintiff.

*Leo A. Sullivan* (*Rodney Baxter,* of counsel), for defendant.

CHANDLER, J. About 10:40 A.M. on August 14, 1939, plaintiff was driving east on Warren avenue in the city of Detroit. While attempting to cross Woodward avenue plaintiff was struck by a southbound streetcar owned and operated by defendant. Plaintiff suffered serious injuries for which the jury in the lower court awarded him $1,000. The court granted a motion to set aside the jury's verdict and entered a judgment *non obstante veredicto* for defendant. The sole question presented on appeal is whether plaintiff was guilty of contributory negligence as a matter of law.

In reviewing the trial judge's action we must view the testimony in the light most favorable to plaintiff. *Neesley* v. *Lord,* 297 Mich. 163; *Burnash* v. *Compton,* 298 Mich. 70.

Immediately prior to the accident, plaintiff was on Warren avenue west of Woodward waiting to cross Woodward avenue and continue in an easterly direction on Warren. Another car was in front of his, also waiting for the traffic light which is at this intersection, to change to green for Warren avenue traffic. When the signal did change, this first car safely crossed Woodward, but plaintiff was struck by defendant's southbound streetcar. Plaintiff tes-

tified that as he entered the intersection on the green light he looked north and saw the southbound traffic, including the streetcar, stopped because of the red light. Plaintiff then looked ahead—having been second in line there was another car in front of him—and to the south, not returning his gaze to the north until he was almost upon the streetcar tracks. At this time he saw the streetcar, going against the red light, bearing down upon him. He could not stop in time nor was there time for him to speed up and get safely across; thus, except for the blowing of his horn to attract the motorman's attention, which he did do, plaintiff could not prevent the streetcar crashing into the truck he was driving. The truck was hit at about the door near the driver's seat, plaintiff's leg being thrown violently against the handle of the door, and plaintiff rendered unconscious for a few moments.

The testimony of the plaintiff that the streetcar after stopping started ahead and proceeded through the intersection against the red light finds ample support in the testimony of other eyewitnesses to the accident.

In granting the motion for judgment *non obstante veredicto,* the trial judge did not have the benefit of our decision in the case of *Neesley* v. *Lord, supra,* in which our position as to the issues here presented were there decided.

In the case at bar in granting the motion of defendant for judgment *non obstante veredicto* the trial judge relied chiefly on the testimony of plaintiff on cross-examination, which indicated that plaintiff, midway between the intersection approach and the streetcar tracks, looked once more to the north and saw the streetcar in motion. This testimony of the plaintiff on cross-examination was inconsistent with his statements made on direct examination, and

which statements, so made on cross-examination, were contradicted on redirect examination.

In the case of *Neesley* v. *Lord, supra,* we said:

"In granting the motion for judgment *non obstante veredicto* the trial judge relied chiefly on the rebuttal testimony of plaintiff which inconsistently indicated that she was not in front of the car when it started up. However, there is still a question of what a prudent person would have done under similar circumstances. *Burton* v. *Yellow & Checker Cab & Transfer Co.,* 283 Mich. 384; *Smarinsky* v. *Markowitz,* 265 Mich. 412; *Benjamin* v. *McGraw,* 208 Mich. 75. Moreover, counsel for defendant asked plaintiff if she would have been safe if she had stayed where she was and her answer was, 'No, the instant I started to run I saw the car coming toward me.' We appreciate that her testimony was conflicting, but does the testimony elicited as a result of apparent confusion on her part as to just what happened in the instant when she was injured render her guilty of contributory negligence as a matter of law?

"We have repeatedly held that if the testimony of a witness on direct examination conflicts with that on cross-examination, it is for the jury to decide when, if at all, he testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony. *Parnell* v. *Pungs,* 190 Mich. 638; *Union Trust Co.* v. *Railway Co.,* 239 Mich. 97 (66 A.L.R. 1515). This is particularly true upon a motion to direct a verdict for defendant, and we have held that the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury. Their duty is to determine what weight is to be given to the testimony as a whole. The question as to which version was the correct one is a question for the jury and not for the court. *Ab-*

*bott* v. *Travelers Insurance Co.*, 208 Mich. 654. See, also, *Tuttle* v. *Railway Co.*, 193 Mich. 390; *Darish* v. *Scott*, 212 Mich. 139; *Goonen* v. *Railroad Co.*, 218 Mich. 502; *Jordan* v. *Burghardt*, 227 Mich. 301; *Kuitula* v. *Abbott*, 229 Mich. 84; *Soberg* v. *Sanders*, 243 Mich. 429; *Evans* v. *City of Detroit*, 255 Mich. 381.''

Upon a review of the record and the briefs in the instant case we hold that the question of plaintiff's contributory negligence was one of fact for determination by the jury. *Willis* v. *Tucker*, 261 Mich. 83; *City of Lansing* v. *Hathaway*, 280 Mich. 87; *Travis* v. *Eisenlord*, 256 Mich. 264; *Oppenheimer* v. *Simpson*, 263 Mich. 156.

Judgment *non obstante veredicto* is reversed and the case is remanded for entry of judgment for plaintiff in accordance with the verdict.

Plaintiff will recover costs of both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.