## KNEESHAW v. CITY OF DETROIT.

1. STREET RAILWAYS—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Plaintiff, southbound truck driver, who was injured when his tractor and trailer truck collided with eastbound streetcar *held,* not guilty of contributory negligence as a matter of law under evidence presented, showing he was going 20 miles per hour and there was testimony showing he was from 15 to 100 feet north of street on which streetcar was traveling when it started to cross lane of travel in which plaintiff was driving.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur, Automobiles, §§ 311–315, 437, 716.
[1–3] Liability for injuries due to collision between streetcar and automobile at street intersection. 28 ALR 217; 46 ALR 1000.

2. SAME—NEGLIGENCE—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—
QUESTIONS FOR JURY.

Testimony as to speed of truck, application of its brakes and
movement of streetcar, created issues of fact for jury both as
to negligence and contributory negligence presented in plain-
tiff truck driver's action against city for injuries he sustained
when his vehicle collided with defendant's streetcar.

3. SAME—AUTOMOBILES—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff truck driver against defendant city with
whose streetcar truck collided *held,* not against the great
weight of evidence.

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted January 3, 1950. (Docket No. 12, Calen-
dar No. 44,617.) Decided March 1, 1950.

Case by Thomas J. Kneeshaw against City of De-
troit and another for personal injuries sustained
when his truck hit defendants' streetcar. Verdict
and judgment for plaintiff. Defendants appeal. Af-
firmed.

*George D. O'Brien,* for plaintiff.

*Leo A. Sullivan (A. Albert Bonczak,* of counsel),
for defendants.

BUSHNELL, J. Plaintiff Thomas J. Kneeshaw was
injured when a tractor and trailer truck driven by
him collided with a streetcar of defendant city of
Detroit, operated by defendant Walter Manning.

Kneeshaw was proceeding southerly in the middle
lane of traffic on Woodward avenue. The visibility
was clear and the pavement dry. The streetcar had
stopped to discharge passengers at the west side of
Woodward on Baltimore. Manning's view was un-
obstructed and he observed the truck and other
through traffic on Woodward. When Kneeshaw was
not over 100 feet north of Baltimore, Manning sound-

ed his gong and proceeded to cross Woodward. When he discovered that a collision with oncoming traffic was impending, he stopped his streetcar in the lane in which Kneeshaw was traveling.

Kneeshaw had waited for a red light at Grand Boulevard 2 blocks north of Baltimore. He first observed the streetcar when it was about 50 feet west of Woodward. Kneeshaw claims that when the streetcar started across Woodward, he was only 15 to 25 feet north of Baltimore, and moving at a speed of 20 miles per hour. He applied his brakes, but could not avoid a collision. Only minor damage was done to the streetcar, and no passengers were injured. The cab of the truck was demolished and Kneeshaw was pinned over the steering wheel. He suffered permanent crippling injuries to his leg and knee and can no longer work as a truck driver.

The jury rendered a verdict of $22,500, and on motion for a new trial a remittitur was ordered reducing the judgment to $15,000. No questions as to this are raised on appeal.

Defendants argue that Manning was not negligent, that Kneeshaw was guilty of contributory negligence as a matter of law, and that the verdict was against the great weight of the evidence.

An examination of the testimony requires the conclusion that Kneeshaw was not guilty of contributory negligence as a matter of law. *Arnold* v. *Krug,* 279 Mich 702; *Booth* v. *City of Detroit,* 292 Mich 102; and *Bandfield* v. *Eddy,* 325 Mich 389.

Disinterested witnesses confirmed the testimony of Kneeshaw as to his speed, timely application of brakes, and the movement of the streetcar into the stream of Woodward avenue traffic. This testimony and other of like nature, both as to negligence and contributory negligence, created issues of fact for the jury. *Wilson* v. *City of Detroit,* 299 Mich 473, and *Pampu* v. *City of Detroit,* 315 Mich 618.

· The verdict is not against the great weight of the evidence.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUT-ZEL, CARR, and SHARPE, JJ., concurred.