PAVELA *v.* TRYLOFF.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO.
    In reviewing judgment for defendant *non obstante veredicto,* evidence must be considered most favorable to plaintiff.

2. MOTOR VEHICLES—NEGLIGENCE—JUDGMENT NON OBSTANTE VEREDICTO.
    Where, in action for damages caused by automobile collision, there was testimony sufficient to make defendant's negligence jury question, judgment for defendant *non obstante veredicto* was error.

Error to Macomb; Reid (Neil E.), J. Submitted April 9, 1930. (Docket No. 47, Calendar No. 34,762.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Case by Emma Pavela, by Michael Pavela, her next friend, against Henry W. Tryloff for personal injuries. From a judgment *non obstante veredicto* for defendant, plaintiff brings error. Reversed.

*Wood & Rathbun,* for plaintiff.

As to right or duty to turn in violation of law of the road to avoid collision with vehicle approaching in opposite direction, see annotation in 24 A. L. R. 1308.

*Bert V. Nunneley, Douglas W. Ball,* and *John H. Nunneley,* for defendant.

McDONALD, J. This is an action to recover damages for personal injuries received in an automobile collision on a public highway in the county of Lenawee, Michigan. On the trial, at the close of the proofs, there was a motion for a directed verdict in favor of the defendant. Ruling thereon was reserved by the court, and the issue submitted to the jury. The plaintiff received a verdict for $800. On motion, judgment was entered for the defendant notwithstanding the verdict. The plaintiff has brought error.

At the time of the accident, Emma Pavela was two years of age. She was riding in an automobile driven by Michael Pavela, her father, in an easterly direction on U. S. 112, the main highway between Detroit and Chicago. The defendant was coming from the opposite direction in a borrowed Cadillac car driven by his son, who was under 14 years of age. The collision occurred when Mr. Pavela, the driver of the car in which plaintiff was riding, turned to the left side of the road to enter a farm driveway. Both parties had a clear and unobstructed view of the traffic on the highway at that point. When about to make the turn, Pavela slowed down his car, gave a signal with his hand, and proceeded across the road. He was nearly over the pavement when defendant's car crashed into him. Both the defendant and his boy saw the Pavela car turn. The plaintiff claims that they were then from 300 to 400 feet away, and driving at a speed of 60 or 65 miles an hour. The boy steered his car to the right. The defendant grabbed the wheel and turned it to the left, and, driving in that position, their car

zigzagged along the road until it collided with the rear end of the other car.

It was conceded by both parties that, because of the plaintiff's age, she could not be held guilty of contributory negligence, and that the negligence of the father could not be charged against her. The only question involved in the case was whether the defendant was guilty of any negligence which was the proximate cause of the injury. This question was submitted to the jury in a proper charge and by them decided adversely to the defendant. So the only issue which we have to determine is whether there was evidence to take that question to the jury. And, in view of the court's action in entering judgment for the defendant notwithstanding the verdict, we must consider the evidence most favorable to the plaintiff.

It must be conceded that the defendant was driving the car at the time of the accident. At least, he had hold of the wheel and guided it in the direction which brought it in contact with the other car. The plaintiff's evidence is that he was 300 or 400 feet away when the Pavela car started to make the turn, and defendant could have stopped his car in a distance of 200 feet, that he did not try to stop it, and did not slacken its speed. There is also evidence that there was a wide, clear space back of the Pavela car at the point of the accident which afforded ample room for defendant to pass to the left and thus avoid the accident. Mr. Jacob Meinsinger, a carburetor engineer of the city of Detroit, was a witness for the plaintiff. He was driving behind Pavela when he undertook to make the turn across the road. When Pavela slowed down, he passed him and met the defendant's car. He testified:

"As I got about even with Mr. Pavela's car I noticed the Cadillac coming at a very high rate of

speed—I would judge approximately at 60 to 65 miles an hour at the very least—and noticed that he did not slow down after Mr. Pavela made the turn, which at once drew my interest to see whether he did or not, and as he did not slow down I looked in my mirror to see if he would. He did not. He swerved to the left and a little to the right and went right into Mr. Pavela's right wheel.  *  *  * He had plenty of time to slow down. That is my opinion. If he had come around behind the Pavela car he could have passed. He was far enough away to have slowed down. He could have stopped. *  *  *  Mr. Tryloff did not slow down or try to slow up or stop between the time he passed me and when he hit the car. That is what drew my attention, the high rate of speed going up to this car. *  *  *  If he did try he did not succeed. At 65 miles an hour that is a little better than 88 feet a second, it would probably take you not more than 200 feet to slow up your car, but he had plenty of time to stop.''

Charles P. Harris, a railway clerk living at Coldwater, Michigan, was driving along the highway at the time of the accident. He was called by the plaintiff, and testified:

''I was going east along this road, called 112, following the Pavela car, I should say, from 150 to 175 feet behind it, and I noticed that he slacked up in the road and for the purpose, I thought, of making this turn; and about that time I saw this Tryloff car approach from the east on a very irregular course, and as a matter of personal safety I stopped as soon as I could and pulled clear off the pavement out on to the gravel and stopped—I did not come up to the Pavela car. I pulled to the south, to my right, going east, the same way Mr. Pavela was going, and the Tryloff car, the Cadillac car, was coming from the opposite direction and meeting the Pavela car and me. I pulled off the pavement on my right-hand

side because of the irregular path that was being made by the Tryloff car. Part of the time all four wheels were on the pavement, and part of the time at least two right-hand wheels were off.  * * *

"When I brought my car to a stop I was clear off the pavement on the south side, which would be my right-hand side, and the Pavela car I would say had nearly completed his turn and headed into the driveway.

"*Q.* Was there width enough between the Pavela car and your car for the Cadillac car to have passed in between them?

"*A.* If 125 feet is room enough, there was room enough for the Cadillac to pass because I was at least 125 feet behind the Pavela car when I stopped, and was clear off the pavement."

This testimony was sufficient to make defendant's negligence a jury question. If he was far enough away from the Pavela car so that he could have slowed down or stopped or turned to the left and avoided the collision, his failure to do so constituted negligence.

We have not overlooked the defendant's contention as to the ownership of the defendant's car. It was a question not controlling of the issue, and merits no discussion. The question of concurrent and subsequent negligence is not in the case and was not submitted to the jury.

The court erred in entering a judgment for defendant notwithstanding the verdict. The judgment is reversed, and the cause remanded for the entry of judgment on the verdict. The plaintiff will have costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.