TRANSCONTINENTAL INSURANCE CO. *v.* DANIELS.

1. MOTOR VEHICLES—NEGLIGENCE.

Finding that negligence of truck driver in exceeding statutory speed limit did not contribute to accident resulting in damage to the truck is affirmed where it cannot be said, as a matter of law, that had the truck been running at the maximum lawful rate the collision would have been avoided (1 Comp. Laws 1929, § 4766).

2. PARTIES—SUBSTITUTION OF RECEIVER.

Motion made in Supreme Court to substitute receiver for party plaintiff is granted although receiver was appointed while case was pending in circuit court.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 19, 1934. (Docket No. 104, Calendar No. 37,586.) Decided April 3, 1934.

Case by Transcontinental Insurance Company and James Cummins against Travers Daniels, Jr., and International Heater Company, a foreign corporation, for property damage resulting from a motor vehicle accident in which plaintiff Cummins' truck was damaged and plaintiff Transcontinental Insurance Company was his insurer. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Smith, Searl & Strawhecker,* for plaintiffs.

*Mason, Alexander, McCaslin & Cholette* (*Miller & Hubbell,* of counsel), for defendants.

FEAD, J. Plaintiffs had judgment on trial before the court without a jury for negligent injuries to

Cummins' truck. The question is whether, as a matter of law, the truck driver's negligence contributed to the injury.

Cummins' truck was 32 feet long, a loaded furniture van, and weighed seven or eight tons. The statutory speed limit for such vehicles is 20 miles per hour (1 Comp. Laws 1929, § 4766). It was running at 25 to 30 miles per hour. Therefore, the driver was guilty of negligence. The court held, however, that the negligence did not contribute to the injury.

Defendant Daniels was driving a Ford sedan and had followed the truck for several miles, awaiting an opportunity to pass. The day was snowy and stormy and the pavement was covered with icy slush. The edge of the pavement was obscured in places so it could not be seen. The truck was running on its own right side of the road. The Ford passed the truck on the left but, as it turned back toward the right, it began to skid, zigzagged back and forth in front of the truck, out of control, and finally ran off the pavement on the right side and over-turned. When the car first skidded to the right it passed within four or five feet of the truck. The truck driver applied his brakes and turned to the left side of the pavement to pass the Ford. The left wheel of the truck ran off the pavement upon the shoulder, which was soft; the driver lost control and the truck collided with a tree eight feet from the pavement.

The facts render it evident that it cannot be said, as a matter of law, that, had the truck been running at the lawful rate of 20 miles per hour, the driver could have stopped without striking the sedan, or that he would not have driven on the soft shoulder,

or that he would or could have handled the truck any differently than he did to avoid a collision. It was a question of fact found against defendants.

After suit was commenced, a receiver was appointed for plaintiff Cummins. The situation was discussed in circuit court but no order of substitution was made. Motion was made in this court to substitute the receiver for Cummins as a party. It is granted.

Judgment affirmed, with costs, and cause remanded for correction of judgment by substitution of receiver for Cummins.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.