McGRATH *v.* HARGRAVES.

1. AUTOMOBILES—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY
   —COLLISION WITH OVERTAKING VEHICLE.

   A question of fact for the jury was presented as to cause of
   accident where plaintiff testified he tried to pass defendant's
   truck on the left after having sounded his horn of intention
   to pass and defendant's truck suddenly swerved to left to enter
   a private drive and struck plaintiff's car in the center whereas
   defendant contended the collision was with the rear end of the
   truck and caused by plaintiff's negligence in not obeying the
   statutory law of the road.

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

   In passing on a motion for a directed verdict at any stage of
   a case, the court must consider the evidence in the light most
   favorable to the party against whom the direction is sought
   and assume the same to be true.

3. AUTOMOBILES—COLLISION WHEN OVERTAKEN VEHICLE TURNS LEFT
   TO ENTER PRIVATE DRIVEWAY—INSTRUCTIONS.

   In action by motorist who suffered injuries in collision with
   trucker who turned left into private driveway as plaintiff was
   about to overtake and pass, instructions covering pertinent
   statutes and to which no exception was taken or additional re-
   quest made *held*, to have adequately covered every point in
   the case.

4. DAMAGES—AUTOMOBILE COLLISION—PERSONAL INJURIES—LOSS OF
   TIME.

   Verdict and judgment for $2,250 for motorist who suffered per-
   sonal injuries, wrecking of car and loss of time by reason of
   injuries as result of collision with defendant's truck *held*, not
   unreasonable nor against the preponderance of the evidence.

Appeal from Gogebic; Landers (Thomas J.), J.
Submitted January 15, 1945. (Docket No. 70, Cal-
endar No. 42,849.) Decided February 20, 1945.

Conflicting claims of parties as to cause of injury present ques-
tion of fact for jury, see 2 Restatement, Torts, § 434, comment c;
standard of conduct defined, §§ 283–285; function of jury in de-
termining relation between negligence and harm, § 465.

Case by Thomas McGrath against Ella Hargraves, individually and doing business as Oriental Steam Dye Works, for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Wm. G. Cloon,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendant.

Wiest, J.  About 7 o'clock, the morning of July 10, 1943, plaintiff was driving his automobile north on a county highway, known as the Lake Superior road in Gogebic county, following a truck owned by defendant and driven by her employee. The highway had a 20-foot concrete surface, with 10-foot gravel shoulders. The morning was bright, the road dry, visibility good, and no other cars were on the highway. In Ironwood township, just outside the north limits of the city of Ironwood, there was a collision between the cars at the point of a private driveway. Plaintiff was injured and brought this action to recover damages. Upon trial by jury he had verdict and judgment for $2,250.

Defendant reviews by appeal, claiming, in the main, that plaintiff was guilty of contributory negligence as a matter of law, and the court was in error in not so holding upon the motions for a directed verdict, judgment notwithstanding the verdict and for a new trial.

Plaintiff testified he tried to pass the truck on the left and proper side. The truck driver, without any warning of such intention and despite notice by plaintiff sounding his car horn of intention to pass, suddenly swerved the truck to enter the private drive and struck plaintiff's car in the center.

Defendant contended the collision was with the rear end of the truck and caused by plaintiff's negligence in not obeying the statutory law of the road.

The conflicting claims of the parties presented a question of fact for jury determination and precluded the court from finding plaintiff guilty of contributory negligence as a matter of law.

It is the unvarying rule in this State that, in passing on a motion for a directed verdict at any stage of a case, the court must consider the evidence in the light most favorable to the party against whom the direction is sought and assume the same to be true. See 17 Callaghan's Michigan Digest, p. 535, for a long list of cases on the subject.

The court instructed the jury:

"Now, there are certain statutes of the Michigan motor vehicle law which have been argued to you or presented in the pleadings and briefly the statutes applicable to this case are as follows:

"It is the law of this State that any person who drives a vehicle upon the highway carelessly and heedlessly and in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, is guilty of reckless driving and of negligence.

"You are also charged that the statutory speed limit on Lake Road from U.S. Highway 2 to the intersection of Margaret street, which would be within the city limits, is 25 miles per hour.

"You are also charged that the speed limit on Lake Road north of Margaret street and in the immediate vicinity of the scene of the accident here in question, is 30 miles per hour, as designated by the speed sign placed there, presumably under lawful authority.

"It is the law of this State that any person driving a vehicle on a highway shall drive the same at

a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other condition then existing.

"It is also the law of this State that no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.·

"It is the law of this State that the driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and when safely clear of such overtaken vehicle shall take up a position as near the right-hand edge of the main-traveled portion of the highway as is practicable.

"The statutes of this State also provide that a vehicle whose driver has signaled his intention to turn left shall not be passed on the left and overtaking vehicles in such cases shall be permitted to pass to the right.

"It is the law of this State that the driver of an overtaking motor vehicle, in this case the plaintiff, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction.

"Our statutes also provide that no vehicle shall at any time be driven to the left side of the highway when approaching within 100 feet of or traversing or crossing any intersection.

"The intersection of Margaret street and Lake road, in this case, is an intersection of highways within the meaning of this law.

"It is also the law of this State that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and the condition of the highway at the time.

"While this may seem like repetition, it is also the law of this State that the driver of a vehicle upon a highway about to be overtaken and passed

by another vehicle approaching from the rear shall give way to the right in favor of the overtaking vehicle on suitable and audible. signal being given by the driver of the overtaking vehicle, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

"The driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety and shall give a signal either by means of the hand and arm or by a mechanical or electrical signal device which conveys an intelligible signal or warning to another driver approaching from the rear. Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to turn by extending the hand and arm horizontally from and beyond the left side of the vehicle. The failure of the driver of an automobile about to make a left turn to extend his arm or to give a signal by a mechanical or electrical signal device so as to convey an intelligible signal or warning to another driver approaching from the rear that a left-hand turn is intended, is negligence in and of itself.

"The signal to be given by a driver before turning from a direct line must be timely given so that an overtaking driver from the rear will know that the driver ahead proposes to make a left-hand turn. If such signal is not timely given the driver of said vehicle is negligent in the operation of his motor vehicle.

"It is also a rule of law in this State that in order to reap the harvest of any violation of a statute, that violation of the statute, if any you so find, must have contributed to or have been the proximate cause of the injury and consequent damages.

At the close of the instructions the court asked counsel for both parties if there were "any omissions or additions counsel wish to add to the instructions" and was answered "None."

The record has been read and we think the instructions to the jury adequately covered every point in the case. We have considered defendant's motions for judgment notwithstanding the verdict and for a new trial and find no reversible error in denying the same.

Each automobile collision case carries its own peculiar circumstances and in the case at bar the law applicable thereto, we think, was sufficiently covered by the instructions of the court to the jury.

The verdict discloses that defendant's claim of a rear-end collision was discredited by the jury and plaintiff's version of the collision accepted.

We cannot say the judgment, considering the personal injuries to plaintiff, wrecking of his car and loss of time by reason of his injuries, was unreasonable or against the preponderance of the evidence.

The judgment is affirmed, with costs to plaintiff.

Starr, C. J., and North, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.