## ALLEY v. KLOTZ.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action for damages, arising from an automobile accident, plaintiff has the burden of establishing that defendant was guilty of negligence constituting the proximate cause of the accident and that plaintiff himself was free from contributory negligence.

2. TRIAL—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

In passing upon motions to direct verdict and for judgment for defendant notwithstanding verdict for plaintiff, it is the duty of a trial court to construe the evidence in the light most favorable to the plaintiff.

When negligence of defendant and contributory negligence of plaintiff a question of fact for jury, see 2 Restatement, Torts, § 434; standard of conduct defined, see §§ 283-285, 464; function of jury and causal relation between harm and negligence, § 465; contributorty negligence defined, § 463.

3. AUTOMOBILES—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Where plaintiff's eastbound car had made a left turn into driveway and was struck in rear by defendants' eastbound car that had shortly theretofore gone into north lane in order to pass a third eastbound car that had been between plaintiff's car and defendants' machine at 6:30 p.m. in mid-February, and evidence as to how the accident occurred was in conflict, the question as to defendant driver's negligence was a matter for the jury inasmuch as it cannot be said as a matter of law that defendant kept a reasonable and proper lookout for the safety of others and that he so drove his car as to be able to stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939).

4. SAME—LEFT TURN—SIGNAL.

It is the duty of a motorist on the public highway to keep a proper outlook for his own safety and especially to make reasonable observations, before turning to the left, for the purpose of determining that the movement can be made in safety and to give a timely and suitable signal, as required by statute, of his intention so to do (1 Comp. Laws 1929, § 4711).

5. SAME—LEFT TURN—CONTRIBUTORY NEGLIGENCE—JUDGMENT NOTWITHSTANDING VERDICT—QUESTION FOR JURY.

If eastbound plaintiff motorist who made a left turn from the highway into a private driveway, as a matter of law, was guilty of negligence that contributed to the accident with another eastbound motorist, then latter's motion for judgment notwithstanding the verdict should have been granted, otherwise the matter was one for the jury (1 Comp. Laws 1929, § 4711).

6. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—INFERENCES—EVIDENCE.

On a motion to direct a verdict against plaintiff or for judgment notwithstanding verdict for plaintiff, the testimony and all legitimate inferences which may be drawn from it most favorably to plaintiff must be accepted.

7. EVIDENCE—CONFLICTING STATEMENTS—QUESTION FOR JURY.

Where a witness makes conflicting statements it is for the jury to determine which statements, if either, were correct.

8. SAME—DIRECT AND CROSS-EXAMINATION—WEIGHT FOR JURY.

If the testimony of a witness on direct examination conflicts with that on cross-examination, it is for the jury to decide when, if at all, the witness testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony.

9. TRIAL—MOTION TO DIRECT VERDICT—WEIGHT OF TESTIMONY FOR JURY.

On motion to direct a verdict for defendant, the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury to determine what weight is to be given to the testimony as a whole.

10. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

The mere fact that a party seeking to recover damages from another was guilty of negligence does not bar recovery, if it is determined that such negligence did not contribute to the accident and injury.

11. AUTOMOBILES—LEFT TURN—SIGNALS—CONTRIBUTORY NEGLIGENCE.

The failure of plaintiff in making left turn from public highway to private driveway to make further observations while crossing left half of highway for oncoming traffic from rear after he had made at least two observations to rear and his failure to give a signal of intent to turn that was immaterial because of defendant driver's inability to see such signal would not preclude recovery since such omissions might not amount to contributory negligence (1 Comp. Laws 1929, § 4711).

12. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—OVERTAKING VEHICLES—LEFT TURN—QUESTIONS FOR JURY.

Issues as to negligence of defendant eastbound motorist who while overtaking and passing another car struck rear end of plaintiff's car, also eastbound, which was leaving north side of highway, and issue of contributory negligence of plaintiff *held,* properly submitted to jury under evidence presented and evidence supported jury's verdict for plaintiff (1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939; § 4711).

13. APPEAL AND ERROR—VERDICT—EVIDENCE—SUPREME COURT.

If there was substantial evidence tending to support the verdict, it should not be set aside on the ground that it was contrary to the great weight of the evidence even though the Supreme Court might be in doubt as to the ultimate facts.

14. AUTOMOBILES—LEFT TURN—STATUTES—EVIDENCE—CONCLUSIONS.

After plaintiff motorist who had made left turn into private driveway had testified as to observations that he claimed to have made was asked if he then concluded as to whether or not he could cross left side of pavement in safety, the admission of his answer, over defendants' objection, that in plaintiff's judgment he had a clear road *held,* not error, in view of cautionary instructions given and court's confinement of such

answer solely for its bearing on plaintiff's compliance with statutory requirements (1 Comp. Laws 1929, § 4711).

15. APPEAL AND ERROR—INSTRUCTIONS—PREJUDICE—STATUTES.

In charge to jury in action arising from rear-end collision by defendant driver with plaintiff's left-turning car as it left pavement into private driveway, the inclusion of various statutory references relative to brakes and operation of motor vehicles with reference to stopping and to acceleration, *held*, not to have misled jury to the prejudice of defendants under record presented, notwithstanding they were unnecessary and might well have been omitted.

16. AUTOMOBILES—OVERTAKING VEHICLES—OBSERVATION REQUIRED BY STATUTE.

Calling jury's attention to statutory duty of defendant driver in overtaking and passing another car to make observation as to his ability to proceed in safety was not error on part of court where collision occurred as defendant struck rear end of plaintiff's car which had been proceeding ahead of overtaken car and then made a left turn across highway into private driveway (1 Comp. Laws 1929, §§ 4707, 4711).

17. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUFFICIENCY OF DECLARATION—REFERENCES TO STATUTES—SAVING QUESTION FOR REVIEW.

Fact that pertinent sections of statutes relative to motorist's duties in operating motor vehicles on highways were not specifically referred to by section numbers in declaration in action arising out of automobile collision *held*, not to require consideration on appeal where omission in the pleading does not appear to have prejudiced defendants and matter was not specifically covered by assignments of error nor raised in the trial court by motion for new trial (Court Rule No. 66, § 3 [1945]).

18. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

Instruction in automobile accident case *held*, not to have contained error by reason of refusal to give certain requests to charge proffered by defendant where some of his requests were given in form requested or in substantially equivalent language and other requests were objectionable because argumentative and charge as a whole fully covered issues raised.

19. AUTOMOBILES—REQUEST TO CHARGE—INSTRUCTIONS—LEFT TURN —OVERTAKING VEHICLES.

Court's inclusion of eastbound plaintiff motorist's request to charge as to eastbound defendant motorist's duty to exercise caution when he saw or should have seen plaintiff making left

turn *held,* not reversible error where such charge did not make
defendants insurers of plaintiff's safety.

20. DAMAGES—REMITTITUR—PRESENT WORTH—INSTRUCTIONS.
Remittitur of $2,000 from $7,000 verdict to 59-year-old plaintiff
*held,* to have remedied any possible prejudice because of trial
court's failure to charge as to method of determining present
worth in an award covering future damages.

21. EVIDENCE—JUDICIAL NOTICE—MORTALITY TABLES.
The court may take judicial notice of the mortality table set
forth in the statutes (3 Comp. Laws 1929, § 12398, as amended
by Act No. 81, Pub. Acts 1943).

22. DAMAGES—FUTURE DAMAGES—EVIDENCE.
Question of recovery for future damages was properly submitted
to jury in automobile accident case where physicians testified
plaintiff had suffered loss of sight in his right eye and a
permanent injury to his right shoulder.

23. SAME—EXCESSIVE VERDICT—LOSS OF WORK—EXPENSES—PER-
MANENT INJURIES—PAIN AND SUFFERING.
Where, as a result of collision between cars belonging to plain-
tiff and defendants, 59-year-old plaintiff did not return to
work for four months, had $500 in hospital, medical and
nursing expenses and permanent injury to right eye and
shoulder, and still suffered pain at time of trial, verdict of
$7,000 as reduced by remittitur of $2,000 *held,* not excessive.

24. SAME—PERSONAL INJURIES.
There is no absolute standard by which the amount of damages
in personal injury cases can be measured and the amount
allowed for pain and suffering must rest in the sound judg-
ment of the trier of the facts.

25. SAME—EXCESSIVE VERDICTS.
Courts are reluctant to disturb verdicts of juries for personal
injuries on the ground that the amount is excessive.

26. APPEAL AND ERROR—VERDICTS AND FINDINGS—PREJUDICE—
SYMPATHY.
The Supreme Court does not usually substitute its judgment for
that of a jury in a personal injury action unless the verdict
shocks the conscience or has been secured by improper means,
prejudice or sympathy.

Appeal from Jackson; Boardman (Harry D.), J.
Submitted January 9, 1948. (Docket No. 53, Calen-
dar No. 43,940.) Decided April 5, 1948.

Case by James Alley against W. E. Klotz and Leroy Dent for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Felix F. Best* (*Kleinstiver & Anderson,* of counsel), for plaintiff.

*Rosenburg, Painter & Navarre,* for defendants.

CARR, J. Plaintiff brought suit in circuit court to recover damages for injuries sustained by him in a traffic accident occurring about 6:30 in the evening of February 11, 1946, on a highway referred to in the record as "old U. S. 12," approximately two miles east of the city of Jackson. Immediately prior to the accident plaintiff was driving in an easterly direction on said highway, his intended destination being the Disabled American Veterans Club, located on the north side of the road. For purposes of convenience and brevity said place is hereinafter referred to as the club. A car driven by one Gordon Barcalow was a short distance behind plaintiff. At the place in question the highway was approximately 16 feet in width and was paved with black-top. No claim is made that the condition of the surface of the pavement was a contributing factor to the accident.

On each side of the club there was a driveway, the one on the east having two entrances from the road forming a Y in which was located a telephone pole. Plaintiff intended to enter the west entrance of the east driveway. While endeavoring to do so his car was struck by an automobile driven by defendant Dent and owned by defendant Klotz. The answer concedes that said automobile was being driven with the knowledge and consent of the owner.

On the trial before a jury it was the claim of the plaintiff that defendant Dent was guilty of negligence in failing to keep a reasonable and proper outlook for the safety of others on the highway, and in failing to operate his automobile in such manner as to be able to stop the same within the assured clear distance ahead.* Defendants denied negligence on the part of Dent and insisted that plaintiff's failure to exercise due and proper care for his own safety was the proximate cause of the accident. Defendants' motion for a directed verdict, made at the conclusion of plaintiff's case and renewed following the introduction of defendants' proofs, was taken under advisement by the court under the provisions of the Empson act.† The case was then submitted to the jury, by which a verdict in the sum of $7,000 was returned. Defendants' motion for judgment notwithstanding the verdict was denied. Their motion for a new trial was also denied, on condition, however, that plaintiff consent to a remittitur in the sum of $2,000. This was done and judgment was entered for the plaintiff in the sum of $5,000. Defendants have appealed.

On behalf of defendants it is contended that the trial court erred in denying the motion for judgment notwithstanding the verdict. In order to recover damages the burden of proof rested on the plaintiff to establish that defendant Dent was guilty of negligence constituting the proximate cause of the accident and that he was himself free from contributory negligence. It was the duty of the trial court, in

---

* See 1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1946 Cum. Supp. § 9.1565).—REPORTER.

† Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1929, § 14531 *et seq.* [Stat. Ann. § 27.1461 *et seq.*]), as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531 *et seq.* [Stat. Ann. 1947 Cum. Supp. § 27.1461 *et seq.*]).

passing on the issues presented by the motion, to construe the evidence in the light most favorable to the plaintiff. *Gayden* v. *Arabais,* 292 Mich. 651; *Butzin* v. *Bonk,* 303 Mich. 522; *Anderson* v. *Kearly,* 312 Mich. 566.

The witnesses are not in agreement as to how the accident occurred. Plaintiff, testifying in his own behalf, stated that he approached his destination at a speed of approximately 25 miles per hour; that he was aware that another automobile was following him at a distance of approximately 150 feet; and that west of the west driveway to the club he stepped on the brake three or four times in succession for the purpose of indicating by his rear light his intention to turn, thereby reducing his speed to approximately 12 miles per hour. Plaintiff's testimony in this regard is corroborated by that of his witness Barcalow. Whether Barcalow also reduced his speed is not altogether clear. Plaintiff further testified that at a distance of approximately 70 feet from the west entrance to the east driveway he started to turn to his left, and that as he did so he looked over his left shoulder through the side windows of his car for the purpose of observing any traffic that might be approaching from the west on the north side of the road. It was his claim that he could see west for a distance of approximately 300 feet, that he noted the Barcalow car approximately 125 feet behind him, and that he did not see the defendants' automobile. He further claimed that prior to turning he made observations of the highway behind him by means of his rear-view mirror, and that having looked to the west after commencing his turn across the north half of the highway, he looked also to the east for the purpose of observing any traffic that might be approaching from that direction. He testified to such a vehicle,

claiming that it was approximately four blocks away at the time of his observation. Plaintiff stated that he did not see defendants' car prior to the impact. On cross-examination he further testified that after he started to turn he proceeded a distance of approximately 12 to 20 feet before he was struck. In view of the point where the impact actually occurred, such testimony is inconsistent with plaintiff's claim on direct examination that he began to turn 70 feet west of the west entrance of the east driveway.

Gordon Barcalow, testifying in plaintiff's behalf, stated that the impact occurred after plaintiff's car, with the exception of the rear bumper, had practically cleared the pavement on the north side of the road. In the main he corroborated the claims of the plaintiff as to the manner in which the latter was driving. He observed the signal given by plaintiff by means of the rear light, and the turning of plaintiff's car toward the north. He claimed that he made observations for the purpose of determining whether there was any automobile behind him and that he saw none. According to his testimony he did not see the car driven by defendant Dent until it was passing him. Concerning this matter he said:

"A car passed me. And at that time Mr. Alley's car was practically off the pavement and this other car hit him."

Whether the witness meant to say that plaintiff's car was actually leaving the pavement at the time defendants' automobile was passing is not clear, especially in view of his further testimony as follows:

"I looked in the back mirror when the car in front of me gave his signal. I looked in the back mirror to see if I could see a car. There was no car back there. But, just as he started turning, this car got

aside of me, and I noticed him pass me, and that is all.''

The testimony of defendant Dent is not in accord with that of plaintiff or of Barcalow. It was his claim in substance that he did not see plaintiff's automobile until he turned out upon the north side of the highway in order to pass the Barcalow car; that he did not see any signal indicating that plaintiff intended to turn to the left; that he was some 30 feet past the Barcalow car before noting that plaintiff was actually turning; that he immediately applied his brakes, locking the wheels of his car; and that he was unable to stop or otherwise avoid the impact. He further claimed, in substance, that he was exercising due and proper care in the operation of his car.

An apparently disinterested witness testified that skid marks on the road, following the accident, were left by all four wheels of defendants' car, and that they extended approximately 25 feet in an easterly direction to the point of impact. This testimony and other proofs introduced in plaintiff's behalf indicated that defendant Dent was nearer to plaintiff's automobile at the time he applied his brakes and locked his wheels than his own testimony suggested. As a result of the impact, plaintiff's automobile was thrown on its right side against the telephone pole in the Y, while defendants' car proceeded on, leaving the highway and making a U turn in an adjacent field. It is apparent that, notwithstanding the application of the brakes, defendants' car struck plaintiff's automobile with great force.

Under the conflicting testimony the question of defendant Dent's negligence was for the jury. Bearing in mind that for the purpose of determining the issues here the evidence must be interpreted as strongly as possible in plaintiff's favor, it cannot

be said that the proofs were not sufficient to establish a prima facie showing of a failure by said defendant to keep a reasonable and proper outlook for the safety of others on the highway, and also a failure on his part to drive in such a manner that he could stop within the assured clear distance ahead. *Pavela* v. *Tryloff,* 251 Mich. 110; *Pearce* v. *Rodell,* 283 Mich. 19; *White* v. *Vandevelde,* 284 Mich. 669.

This brings us to a consideration of the question whether, as a matter of law, plaintiff's proofs failed to show that he was free from contributory negligence. It was unquestionably plaintiff's duty to keep a proper outlook for his own safety, and especially to make reasonable observations, before undertaking to turn into the entrance to the club premises, for the purpose of determining that the movement could be made in safety. It was his duty, also, to give a timely signal of his intention by means of the mechanical operation of his rear light or by extending his arm from the left side of his car. It was his duty in other words to comply with the statutory requirements in this regard, as stated by the trial court in his charge to the jury. If, as a matter of law, he was guilty of negligence that contributed to the accident, the motion for a judgment notwithstanding the verdict should have been granted. On the other hand if he was not guilty of contributory negligence as a matter of law it was for the jury to weigh the testimony, to determine therefrom the actual facts, and to draw proper and legitimate inferences from those facts. Commenting on a somewhat comparable situation, the Court said in *Anderson* v. *Kearly, supra* (p. 570):

"Having in mind that upon a motion to direct a verdict against plaintiff, the testimony and all legitimate inferences which may be drawn from it most

favorable to plaintiff must be accepted, we are of the opinion that plaintiff established a prima facie case.''

It was for the jury, also, to weigh conflicting statements made by any witness, and determine which statements, if either, were correct. In *Goonen* v. *Railroad Co.*, 218 Mich. 502, it was said:

"Upon a motion to direct a verdict for defendant, the evidence must be viewed in the light most favorable to plaintiff and when so viewed the portion of his testimony sustaining the theory of subsequent negligence made an issue of fact for the jury. It was for the jury to say what effect shall be given to his testimony as a whole."

And in *Neesley* v. *Lord*, 297 Mich. 163, it was said:

"We have repeatedly held that if the testimony of a witness on direct examination conflicts with that on cross-examination, it is for the jury to decide when, if at all, he testified truthfully, provided that the subsequent testimony is not given for the purpose of correcting or explaining the former testimony. *Parnell* v. *Pungs*, 190 Mich. 638; *Union Trust Co.* v. *Railway Co.*, 239 Mich. 97 (66 A. L. R. 1515). This is particularly true upon a motion to direct a verdict for defendant, and we have held that the evidence must be viewed in the light most favorable to plaintiff, and when so viewed, if portions of the testimony sustain the theory of plaintiff, it becomes an issue of fact for the jury. Their duty is to determine what weight is to be given to the testimony as a whole. The question as to which version was the correct one is a question for the jury and not for the court. *Abbott* v. *Travelers Insurance Co.*, 208 Mich. 654. See, also, *Tuttle* v. *Railway Co.*, 193 Mich. 390; *Darish* v. *Scott*, 212 Mich. 139; *Goonen* v. *Railroad Co.*, 218 Mich. 502; *Jordan* v. *Burghardt*, 227 Mich. 301; *Kuitula* v. *Abbott*, 229 Mich. 84; *Soberg* v. *Sanders*, 243 Mich. 429; *Evans* v. *City of Detroit*, 255 Mich. 381."

The mere fact that a party seeking to recover damages from another was guilty of negligence does not bar recovery, if it is determined that such negligence did not contribute to the accident and injury. The general rule is stated in 1 Cooley on Torts (3d Ed.), page 269, as follows:

"The principle is that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury."

So in the instant case if the plaintiff was. guilty of negligence in failing to make further observations while he was crossing the north half of the road, but if such omission did not contribute to the accident, it would not amount to such contributory negligence as bars recovery in a case of this character. Likewise the omission to give a signal that defendant Dent could not have seen, if there was a negligent omission in this regard, would not preclude recovery. *Arvo* v. *Delta Hardware Co.,* 231 Mich. 488; *Reid* v. *Coon,* 243 Mich. 37; *Transcontinental Insurance Co.* v. *Daniels,* 266 Mich. 562; *Fitzcharles* v. *Mayer,* 284 Mich. 122 (3 N. C. C. A. [N. S.] 565); *Waling* v. *City of Detroit,* 308 Mich. 163.

Under the testimony in this case the trial court was not in error in submitting the issues of negligence and contributory negligence to the jury. *Tuttle* v. *Railway Co.,* 193 Mich. 390; *Gibbons* v. *Delta Contracting Co.,* 301 Mich. 638; *McGrath* v. *Hargraves,* 310 Mich. 510. There was substantial evidence to support the finding of the jury, and in consequence it should not be disturbed on the ground that it was against the great weight of the evidence. *Major* v. *Southwestern Motor Sales, Inc.,* 314 Mich. 122; *Werker* v. *McGrain,* 315 Mich. 287. In the last cited case, it was said:

"If there is substantial evidence tending to support the verdict it should not be set aside even

though this Court might be in doubt as to the ultimate facts. *Pulford* v. *Mouw*, 279 Mich. 376. The conflicting testimony, together with the physical facts and circumstances, clearly presented a question of fact for the jury's determination. The record has been examined and we find there is substantial evidence tending to support the verdict."

The language quoted may well be applied to the situation presented in the case at bar. In view of the conflicting testimony the issues were clearly for the jury to decide. Defendants' motion for judgment notwithstanding the verdict was properly denied. The trial court was also correct in declining to set aside the verdict on the ground that it was contrary to the great weight of the evidence.

Defendants further claim that certain errors, of sufficient gravity to require reversal, occurred in the trial of the case. On his direct examination, plaintiff, after testifying to the observations that he claimed to have made, was asked if he then concluded whether or not he "could cross or drive into the grounds in safety." Over the objection of defendants' counsel that the question called for a conclusion, the following answer was taken:

"My judgment was that I had a clear road." It appears from the record that the purpose of the testimony was to establish affirmatively that plaintiff had complied with the pertinent provision of 1 Comp. Laws 1929, § 4711 (Stat. Ann. § 9.1579), paragraph (a), as follows:

"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety."

It further appears that the trial court admitted the answer to the question solely for its bearing on plaintiff's compliance with the statutory requirement, advising the jury at the time that it was received for

that purpose only. The court further stated to the jury:

"In the long run, after the facts in the case are submitted to you, it is for you to determine whether, in the light of all the facts and circumstances here, this man's opinion as to whether he could cross the road at that point and turn was properly made; such as a reasonably prudent person would make under the circumstances."

As stated, the question and answer that defendants claim were objectionable followed plaintiff's testimony as to his observations of the highway to the west. Under the statements to them by the court, made in connection with the arguments of counsel on both sides, the jury must have understood the purpose of the testimony. No inference other than that plaintiff thought he could turn in safety, could have been drawn from his statements as to his observations and his operation of his car. On the record before us the admission of the testimony in question was not error. In *Schneider* v. *C. H. Little Co.,* 200 Mich. 361, plaintiff, suing to recover damages for personal injuries, was asked on direct examination the following question, and gave the answer indicated:

"*Q.* I will ask you whether or not the fact, after putting 100 to 110 bags of plaster in the bay window, would it at the time, or did it at the time, spell to your mind any thought of there being any danger?
"*A.* No, sir."

The testimony was admitted over the objections of defendant's counsel, and a motion to strike was denied. In discussing the alleged error this Court said (p. 375):

"The court also refused to strike from the testimony the answer of the plaintiff, that the presence of the plaster did not cause him any thought of danger.

This was a fact and not a conclusion. It was a step bearing upon the question of the contributory negligence of the plaintiff, for if there was danger which he fully appreciated, he might have been guilty of contributory negligence. It was therefore a fact which it was competent for him to testify to, which, it is true, might not have been controlling of the whole question; but the jury were instructed to consider what an ordinarily prudent man would have done under the whole circumstances."

Complaint is also made of alleged errors in the court's charge to the jury. In discussing the duties resting on the plaintiff and on defendant Dent, the trial judge read several statutory provisions relating to the operation of motor vehicles on public highways within this State, indicating to the jury that such provisions were applicable to the facts in the case. Following such reading the jury was charged in substance that a violation of a statute need not be considered unless it was a contributing cause to the accident. In putting before the jury the duties resting upon the two drivers, it was obviously the purpose of the trial court to cover all practical aspects of the situation. Included in the provisions read were requirements as to brakes and the operation of motor vehicles with reference to stopping and to acceleration. Doubtless such provisions might well have been omitted. *Herzberg* v. *Knight*, 289 Mich. 29. Certainly the evidence in the case did not require calling them specifically to the attention of the jury. On the record before us, however, and considering the charge in its entirety, we do not think the jury was misled to the prejudice of the defendants.

Defendants also call attention to the charge of the court with reference to the duties of the driver of an automobile overtaking and passing another vehicle

proceeding in the same direction. With reference to this matter, the court read from 1 Comp. Laws 1929, § 4707 (Stat. Ann. § 9.1575),* as follows:

"(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

It is the claim of the defendants that the trial court erred in calling to the attention of the jury the duty of defendant Dent when undertaking to pass the cars of Barcalow and the plaintiff. Clearly it was said defendant's duty to make proper observations and keep a reasonable outlook for other traffic. The provision quoted from the statute declared that duty with reference to the observation of the portion of the highway that he necessarily would have to traverse in executing the contemplated movement. *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440. It is apparently defendants' theory that there was no evidence tending to indicate any breach of such duty. This however was a matter for the determination of the jury. If plaintiff's automobile had in part crossed the center line of the road at the time defendant Dent undertook to pass the Barcalow car, the observance of the duty imposed by the statute would have led to his discovery of that fact. Calling the attention of the jury to his duty in the premises was not error.

Defendants further complain because the declaration, while alleging the duties resting on defendant Dent substantially in the language of the statute regulating the operation of motor vehicles on public

---

* Amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4707, Stat. Ann. 1947 Cum. Supp. § 9.1575).

highways within this State, did not specifically refer to pertinent sections by number. In view of the issues raised by the pleadings and the theories on which the case was tried it is apparent that defendants were not prejudiced by the omission. Furthermore, the question is not covered specifically by the assignments of error; nor was it raised in the trial court by the motion for a new trial. It does not, therefore, require consideration here. Court Rule No. 66, § 3 (1945); *Hewett Grocery Co.* v. *Biddle Purchasing Co.*, 289 Mich. 225; *In re Wood's Estate*, 299 Mich. 635.

Error is also assigned on the refusal of the trial court to give defendants' requests to charge in the form in which they were presented, and, also, on the giving of requests submitted by counsel for the plaintiff. Many of defendants' proffered requests were included in the charge as given, either in the form requested or in substantially equivalent language. Others were open to the objection that they were argumentative or assumed facts as proved that were in dispute. The charge fully covered the issues in the case, and defendants were not prejudiced because certain of their requests were refused. Neither do we find that any of plaintiff's requests, given by the court, were improperly included in the charge. Complaint is made because the court gave part of plaintiff's fourth request, with reference to the duty of defendant Dent to exercise care and caution after he observed, or should have observed, plaintiff's automobile turning to the left. Such charge however did not, as claimed, make defendants insurers of plaintiff's safety. It is not comparable to the charge found objectionable in *Nickels* v. *Hallen*, 247 Mich. 291, on which defendants rely. Other requests submitted by counsel for plaintiff, and in-

cluded in the charge, do not require specific discussion.

In submitting to the jury the question of damages, the trial court omitted to state the rule for reducing to present worth an award covering future damages. It should be noted in this connection that no request to charge the rule was submitted by defendants. Such omission was discussed by the trial judge in his opinion on the motion for a new trial. As before noted, the denial of the motion was premised on plaintiff filing a remittitur in the sum of $2,000. Plaintiff did so and judgment was entered accordingly for the reduced amount. This action remedied any possible prejudice suffered by defendants because of the omission. At the time of the trial plaintiff was 59 years of age. The court may take judicial notice of the mortality table set forth in the schedule to 3 Comp. Laws 1929, § 12398, as amended by Act No. 81, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 12398, Stat. Ann. § 24.221). *Denman* v. *Johnston* 85 Mich. 387; *Tandy* v. *Knox,* 313 Mich. 147. From said table it appears that at the time of the trial plaintiff had a life expectancy of 14.74 years. The record contains no evidence tending to show a different expectancy. Undisputed testimony indicated that plaintiff's hospital, medical and nursing expenses resulting from the accident exceeded the sum of $500. Presumably the jury included in its verdict compensation for damages sustained prior to the trial. If, however, the full amount of the verdict were regarded as compensation for future damages only, the amount of the remittitur was not less than the amount deductible from such future damages to reduce them to present worth on the basis of plaintiff's expectancy of life as indicated by the mortality table, applying the statutory interest rate

of 5 per cent. per annum. Defendants were not prejudiced by the failure to state in the charge the proper method for reducing an award for future damages to present value.

Except as above pointed out, the charge of the court with reference to the matter of damages correctly covered the subject and was fully justified by the proofs. The claim of the defendants that there was no evidence as to future pain and suffering is not supported by the record. On the trial plaintiff testified as to his physical suffering and disabilities at that time. The testimony of his physician indicated a shoulder injury of a permanent character and such as to cause limitation or disability in the movement. of his left arm and shoulder. Another physician who treated plaintiff also testified that the sight of his right eye had been destroyed and that such condition was permanent. The question of recovery for future damages was properly submitted to the jury.

It is also alleged that the amount of the judgment as reduced by the remittitur is excessive. The testimony in the case indicates that plaintiff's injuries were painful and serious. No claim is made that the expenses for hospital, medical and nursing services were not reasonably incurred. Plaintiff did not return to work until approximately four months after the accident. As above noted, he sustained a permanent injury to his shoulder, was suffering pain at the time of the trial, and had lost the sight of an eye. While he testified that he was able to distinguish a light if close to him, his witness, an eye specialist, stated that the loss of sight was permanent. In view of the character of plaintiff's injuries it cannot be said that the verdict of the jury, as reduced by the remittitur, was excessive. In *Cleven* v. *Griffin,* 298 Mich. 139, it was said:

"There is no absolute standard by which we can measure the amount of damages in personal injury cases. The amount allowed for pain and suffering must rest in the sound judgment of the triers of the facts. *Watrous* v. *Conor*, 266 Mich. 397; *Weil* v. *Longyear*, 263 Mich. 22. Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.*, 239 Mich. 485. We do not usually substitute our judgment for that of the jury unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy."

The language quoted is applicable to the case at bar. There is substantial evidence in the record to support the judgment, and the Court may not properly set it aside as excessive.

Other questions raised by counsel in their brief have been considered, but are not of such character as to require further discussion. In a general way at least they are covered by what is said above with reference to the principal issues in the case. The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.