### SETA *v.* SWAIN.

1. AUTOMOBILES—PASSENGERS—IMPUTED NEGLIGENCE.
    The negligence of the driver of a motor vehicle is not imputed to his passenger and, if the latter be personally free from contributory negligence, he will not be precluded from recovery against operator of other vehicle involved in a collision for negligence proximately contributing to passenger's injuries.

2. SAME—PROXIMATE CAUSE—REQUEST TO CHARGE—INSTRUCTIONS.
    Failure to give request to charge proffered by defendant owner and operator of taxicab to the effect that if plaintiff's driver were guilty of specified negligence which presupposed a sharply disputed fact and that if such negligence were the sole cause of collision with rear end of taxicab plaintiff could not recover was not error in view of instruction given that both plaintiff's driver and taxicab operator had duty to use care under the circumstances but that if negligence of plaintiff's driver were the sole proximate cause of the accident, plaintiff could not recover from defendant owner and operator of taxicab.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, § 494.
[1] Negligence of driver of automobile as imputable to passenger. 90 ALR 630; 123 ALR 1171; 163 ALR 706.
[2, 4] 53 Am Jur, Trial, §§ 527, 539, 554.
[3] 53 Am Jur, Trial, § 525.
[5] 15 Am Jur, Damages, §§ 72, 73, 88 *et seq.*

3. TRIAL—REQUEST TO CHARGE—ARGUMENTATIVENESS.
   A request to charge which is argumentative in effect is objectionable.

4. AUTOMOBILES—REQUEST TO CHARGE—INSTRUCTIONS—PASSENGERS.
   Failure to give charge in form requested by defendants concerning duties of plaintiff as a passenger in car which collided with rear portion of defendants' taxicab was not error, where instructions given in such respect were adequate in substance and no error is found in the charge when viewed as a whole.

5. DAMAGES—PAIN AND SUFFERING—FACIAL LACERATIONS—NOSE INJURY.
   Verdict of $4,000, after remittitur from $5,000 awarded by jury, *held,* not excessive, where plaintiff suffered facial lacerations and fracture of the nose which were painful, disfiguring and humiliating, will require upwards of $500 for plastic surgery and will subject plaintiff to further pain and suffering and loss of wages, no claim being made that the verdict was obtained by improper methods, prejudice or sympathy.

6. APPEAL AND ERROR—REAR-END COLLISION—GREAT WEIGHT OF EVIDENCE.
   Verdict for plaintiff, passenger in a car which collided with rear end of defendants' taxicab, *held,* not against the great weight of the evidence.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 5, 1950. (Docket No. 8, Calendar No. 44,649.) Decided May 18, 1950.

Case by Vincent Seta against Homer Swain and another for personal injuries sustained in automobile accident. Verdict and judgment for plaintiff. Remittitur filed by plaintiff. Defendants appeal. Affirmed.

*Gvazda & Shere* (*LeRoy G. Vandeveer,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants.

BUTZEL, J.     Vincent Seta brought an action against Homer Swain and Anthine La Fleur, respectively the operator and owner of a Checker taxicab which was involved in an accident with an automobile in which plaintiff was a passenger. The jury returned a verdict of $5,000 in favor of the plaintiff and defendants moved for a new trial. The court denied the motion upon condition of a remittitur of $1,000, which plaintiff filed. Defendants appeal, alleging that the trial court erred in not charging the jury in accordance with 2 requests submitted and, further, that the verdict was still excessive and against the great weight of the evidence.

At about 2:45 in the morning of January 27, 1946, plaintiff was a guest passenger seated in the front seat of an automobile driven by Augusta M. Weber in a westerly direction along East Jefferson avenue in the city of Detroit. There were 3 other passengers occupying the rear seat. At the time of the accident, plaintiff was conversing with the passengers in the rear seat and his head was turned and faced them. The impact threw him forward and into the windshield and he received severe injuries including a slight fracture of the nose, a deviated septum and large facial lacerations which necessitated 40 stitches. He was hospitalized for 2½ days, and then discharged. He was confined to his home for 5 or 6 weeks because of constant pain and headaches. He is badly disfigured and plastic surgery will be necessary to reduce the noticeability of the scars but will not completely remove them. Correction of his nasal condition requires an operation.

At the point of the accident there are 3 lanes on each side of the car tracks. The facts are in dispute as to whether there were any cars parked in the first lane toward the curb and if so as to how many. The car in which plaintiff was a passenger was proceeding west in the second lane and collided

with either the rear-right side or rear end of the taxicab. It is plaintiff's contention that the taxicab was traveling west in the third lane and was hailed by a person standing on the right curb, and thereupon it cut sharply toward that curb at a 45-degree angle. The person who was standing at the curb and who hailed the cab corroborated plaintiff's witnesses in this regard. The evidence of defendant's driver was that he was cruising slowly in the second lane and that he was pulling toward the curb to pick up the passenger who had hailed him, when he was struck in the rear by the vehicle in which plaintiff was riding. In any event, the taxicab went over the curb and proceeded for a distance of about 70 feet across a lawn. The damaged portions of the cab included its rear-right fender which, according to plaintiff's theory, substantiated the fact that it was struck while cutting in front of the other vehicle. Defendants, on the other hand, contend that this damage to the right-rear fender was caused by grazing a telephone pole when crossing the sidewalk.

Under the rule of *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697), the negligence of the driver of a vehicle is not imputed to the passenger. If that passenger is personally free of contributory negligence, he will not be precluded from recovery against the operator of the other vehicle involved in the collision for negligence which proximately contributed to the injuries sustained.

Defendants contend that the trial court erred in failing to instruct the jury in accordance with 2 requests submitted. The first of these was as follows:

"It is the duty of the operator of any motor vehicle under the statutes of this State and the ordinances of the city of Detroit, to keep a lookout ahead of his automobile. If you find from the evidence that the operator of the motor vehicle in which the plain-

tiff was a passenger did not keep a lookout ahead, so as to see the taxicab ahead of her, then she would be guilty of negligence, and if she struck the taxicab by reason of that negligence, and such negligence was the sole cause of the accident, then your verdict must be no cause of action."

The court instructed the jury of the defendants' claim that the taxicab driver slowed down and veered over to the curb after receiving a signal for a pickup and was struck by a car approaching him from the rear; of the nature of the presumption which would arise from a rear-end collision; of the duty of both drivers to use ordinary care; of the duty of both drivers to comply with ordinances and statutes, and of the legal effect of failure to do so; of the duty to drive at a careful and prudent speed with due regard to traffic, surface and width of highway; and of the duty to be able to stop within the assured clear distance ahead. He also gave the following charge:

"If you find, members of the jury, that this accident, the collision in question, was caused solely by the negligence of the operator of the vehicle in which the plaintiff was a passenger, and that such negligence was the sole proximate cause of the accident, and that there was no negligence on behalf of the defendant which could be said was equally a proximate cause, then your verdict in this case would be no cause of action."

The portion of the requested charge which the court omitted presupposed as true that the taxicab was proceeding in the same lane ahead of the other vehicle, a fact which was sharply disputed in the testimony. The form of the request was, therefore, objectionable as argumentative.

The other claim is that a charge concerning plaintiff's duties as a passenger should have been given as submitted. Under the factual situation presented

by the evidence, the instructions in that regard were adequate in substance in the form given by the trial court. Viewing the charge as a whole we find no error. *Krukowski* v. *Englehardt,* 276 Mich 136; *Morris* v. *Radley,* 306 Mich 689; *Alley* v. *Klotz,* 320 Mich 521.

We cannot say that the judgment was excessive after the remittitur. Plaintiff suffered injuries which were painful, disfiguring and humiliating. The correction of the resulting conditions will entail both plastic surgery to minimize, though not entirely alleviate, the noticeability of the scars and a submucous resection (a nasal operation), will cost $500 in surgeon's fees, will involve a short stay in the hospital, and will subject plaintiff to further pain and suffering as well as loss of wages. Defendants have made no claim that the verdict was obtained by improper methods, prejudice or sympathy, and we do not find it excessive in amount or shocking to the conscience of the court. *Cleven* v. *Griffin,* 298 Mich 139; *Alley* v. *Klotz, supra; Canning* v. *Cunningham,* 322 Mich 182; *Kurta* v. *Probelske,* 324 Mich 179; *Samuelson* v. *Olson Transportation Co.,* 324 Mich 278.

Defendants assert that the verdict was against the great weight of the evidence. A careful examination of the testimony fails to sustain this contention.

Judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.